IN RE W. P. BLACK.

(Filed 28 May, 1913.)

1. Criminal Law — Imprisonment — Separate Convictions—Concurrent Terms—Judgments Void for Uncertainty.

Where a prisoner has been convicted and sentenced to imprisonment for two or several separate criminal offenses, a sentence of the court that each successive term shall commence from the expiration of the term next preceding is not void for uncertainty, but unless this is stated in the judgment, the sentences for the various terms will run concurrently.

2. Criminal Law—Imprisonment—Conditional Pardon—Concurrent Terms—Courts—Record—Habeas Corpus.

Where one convicted of a criminal offense appeals from the judgment, and subsequently withdraws his appeal in open court and commences to serve his sentence, the record made by the court will not prejudice his rights, when upon *habeas corpus* it appears that he had been taken into custody upon the violation of a conditional pardon granted by the Governor, and that the two terms of imprisonment having run concurrently, he had served them both.

APPEAL by defendant from order in *habeas corpus* proceedings rendered by *Carter, J.,* at chambers, 27 December, 1912; from BUNCOMBE.

The facts are stated in the opinion of *Mr. Justice Brown.*

*Attorney-General and Assistant Attorney-General for the State.*

*W. P. Brown and J. Scroop Styles for appellant.*

BROWN, J.  The petitioner Black was brought before the judge, in obedience to a writ of *habeas corpus,* by the Sheriff of Buncombe County, to try the legality of the imprisonment of

the petitioner, who was then in prison by virtue of an order made by his Honor, *B. F. Long,* at the December Special Term, 1912, of the criminal court of Buncombe County.

At the November Term, 1908, of the Superior Court of Buncombe County the petitioner was found guilty of a nuisance, and was sentenced to a term of 22 months on the public roads of Buncombe County, from which judgment he took an appeal to the Supreme Court; the judgment was affirmed by the Supreme Court, and petitioner was taken in execution on said judgment on 2 June, 1909. On 18 January, 1910, petitioner was granted a conditional pardon.

At the July Special Term, 1911, and while petitioner was at large by virtue of said conditional pardon, he was tried for keeping liquor for sale in Buncombe County; was convicted and sentenced to a term of twelve months on the public roads of said county, from which judgment he gave due notice of appeal to the Supreme Court, and entered into the appearance bond required by the court pending such appeal; was released from custody, but the petitioner did not prosecute the appeal.

On 4 August, 1911, petitioner was taken in custody upon the Governor's revocation of the conditional pardon aforesaid, and entered upon the service of the remainder of his said original term of 22 months. At the criminal term of Superior Court of Buncombe County which convened on 14 August, 1911, petitioner appeared in open court and gave due notice of the withdrawal of his appeal from the last conviction aforesaid and announced his readiness to serve the term imposed upon said conviction, petitioner being at the time in custody and serving the sentence in the other case.

The presiding judge had no entry made on the docket of August Term, 1911, of the withdrawal of the appeal and of the submission of the prisoner to the judgment and sentence rendered at July special term.

It is admitted, and the judge finds as a fact, that if the sentence in the two cases runs concurrently, the prisoner has served the full term in both cases.

It seems to be well settled by many decisions and with entire uniformity that where a defendant is sentenced to imprison-

*In re* BLACK.

ment on two or more indictments on which he has been found guilty, sentence may be given against him on each successive conviction; in the case of the sentence of imprisonment each successive term to commence from the expiration of the term next preceding. It cannot be urged against a sentence of this kind that it is void for uncertainty; it is as certain as the nature of the matter will admit. But the sentence must state that· the latter term is to begin at the expiration of the former one; otherwise, it will run concurrently with it. Am. and Eng. Enc. of Law (2 Ed.), vol. 25, pp. 307, 308.

It is absolutely essential that the last sentence shall state that the term of imprisonment is to begin at expiration of former sentence, in order to prevent the prisoner from serving the two sentences concurrently with each other. *U. S. v. Patterson,* 29 Fed. Rep., 775; *In re Jackson,* 3 MacArthur (D. C.), 24; *Fortson v. Elbert County* (Ga., 1903), 43 S. E. Rep., 492; *Ex parte Gafford,* 25 Nev., 101; *Ex parte Hunt,* 28 Texas App., 361.

The fact that no entry was made on the records of the court at August term of the withdrawal of the appeal is immaterial.

It is found as a fact that the prisoner appeared in court in person at said term, and through his counsel withdrew his appeal and submitted himself to the sentence of the court. It was the duty of the judge to have then directed the proper entries. The prisoner had no control over the records and did all the law required of him. The oversight of the judge cannot prejudice the prisoner's rights.

As the second sentence failed to state that it was to begin at the expiration of the first, the two sentences ran concurrently.

The prisoner is discharged.

Reversed.