## STATE v. GEORGE CATHEY.

(Filed 12 January, 1916.)

**1. Intoxicating Liquors—"Search and Seizure"—Constitutional Law.**

Chapter 44, Laws 1913, known as the Search and Seizure Law, is constitutional and valid.

**2. Criminal Law—Evidence — General Reputation — Intoxicating Liquors—Search and Seizure.**

On cross-examination a character witness may be asked the general reputation of a party to the action as to particular matters, and as to a particular trait, but not of particular acts; and where the defendant is being tried for the violation of our prohibition law, under the Search and Seizure Act, it is competent, on cross-examination, for the solicitor to ask the witness as to defendant's reputation in dealing in liquor.

**3. Trials—Instructions—Contentions—Appeal and Error.**

Where the guilt or innocence of a defendant charged with violating our prohibition law is properly submitted to the jury as a matter of fact to be found by them, under a charge free from error, exception that the court did not fairly state the defendant's contention will not be sustained on appeal.

**4. Criminal Law—Intoxicating Liquors—Sentences—Alternative Judgment.**

Where one has been previously convicted of violating our prohibition law, and the case is on appeal to the Supreme Court, and upon a second conviction the court sentences him so as not to take effect concurrently with the sentence pronounced and appealed from, but, should the former sentence be set aside, the present sentence to take effect immediately: *Held*, the sentence imposed was not objectionable as being alternate or conditional, and its terms are such as the law would otherwise have written into it.

APPEAL by defendant from *Long, J.,* at September Term, 1915, of BUNCOMBE.

The defendant was indicted under the Search and Seizure Law, ch. 44, Laws 1913, for having in his possession for the purpose of sale, malt, vinous, and spirituous liquors.

E. M. Mitchell, sheriff, testified that the search and seizure warrant was regularly issued, and that, acting thereunder, he searched the premises of the defendant and found at the defendant's house about two-thirds of a barrel of beer, about twenty-four bottles of champagne, and something like twenty-five yards away, at a little house east of Cathey's dwelling-house, he found three-quarters of a barrel of rye whiskey and three-quarters of a case of corn whiskey, three-quarters of a barrel of pints—must have been seventy-five or eighty pints in the barrel; and in a little building, something like a barn, found a hundred and twenty barrels of beer, "ten dozen bottles" printed on the barrels; the barrels were something like sugar barrels; that he hauled these liquors, the next night, to the jail, and that they were all there, except three-quarters of rye and the case of corn liquor "got away from us."

This witness testified on cross-examination by the defendant as follows: "Do you know George Cathey's general character? A. I think I do. Q. What is it? A. I think it is good except that Mr. Cathey will drink"; and on redirect examination by the State: "What did you say Cathey's character was? A. I think it is good except that he will drink some. Q. Sheriff, I will ask you if he isn't the most notorious liquor seller in Buncombe County?" Objection by the defendant. Objection sustained. "I will ask you, sheriff, if Mr. Cathey's general character isn't bad for fighting?" Objection by the defendant. Objection sustained. "Sheriff, do you know Mr. Cathey's general reputation in regard to dealing in liquor?" Objection by the defendant. Objection overruled, and the defendant excepts. "A. Yes, sir. Q. What is it? A. It is bad; he has been accused of selling it."

There was a verdict of guilty, and his Honor pronounced the following judgment thereon:

"Upon coming in of the verdict in this case, the court is informed by the solicitor that this defendant was convicted at the May term of this court, before *Judge Webb,* for retailing, and was sentenced to twelve months in jail and assigned to work on the public roads of Buncombe County, and that the defendant appealed from this judgment to the Supreme Court, and that said appeal has not yet been determined, and that Judge Webb still has the papers in that case for settlement of case on appeal. In order that there may be no conflict as to the sentences in these two cases, the sentence in this is not to take effect concurrent or in conflict with the sentence of Judge Webb. If, for cause, Judge Webb's sentence is set aside, then this sentence is to be effective immediately. If sentence is confirmed, then the sentence rendered by this Court is to take effect at the expiration of Judge Webb's sentence of twelve months. Wherefore, it is considered and adjudged by the court that the defendant in this case be imprisoned in the county jail of Buncombe County for a period of sixteen months so as not to come in conflict with Judge Webb's sentence as aforesaid, and that he be assigned to work on the public roads of said county."

The defendant appealed, and the exceptions relied on in the brief are (1) that the Search and Seizure Law is unconstitutional; (2) that it was error to permit the sheriff to testify on redirect examination that the general reputation of the defendant was bad for dealing in liquor; (3) that his Honor did not fairly present the contentions of the defendant to the jury; (4) that the judgment pronounced is erroneous in that it is in the alternative and conditional.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Jones & Williams and Douglass & Douglass for defendant.*

ALLEN, J.   The Search and Seizure Law has been declared constitutional in several decisions of this Court, and it is not necessary to further discuss the question.   S. v. Wilkerson, 164 N. C., 431; S. v. Denton, 164 N. C., 531; S. v. Moore, 166 N. C., 284.

It will be observed from the statement of the case that the defendant did not reserve an exception to the evidence of the sheriff when he stated that the general reputation of the defendant was bad for dealing in liquor, and that the exception stated in the record is only to his statement that he knew what his character was; but giving the defendant the benefit of the objection, it cannot be sustained.   S. v. Holly, 155 N. C., 485; S. v. Wilson, 158 N. C., 599.

In the first of these cases it is stated that a character witness may be asked on cross-examination if there was not a general reputation as to particular matters, and in the second that the rule allows a cross-examination as to reputation of a particular trait but not of particular acts.

We have carefully examined the charge of his Honor, and do not find that it is the subject of criticism.

Necessarily, he consumed more time in the statement of the contentions for the State than of those for the defendant, as no evidence was introduced in behalf of the defendant; but the question of the guilt or innocence of the defendant was left to the jury as an issue of fact under a fair and accurate charge.   The objection to the form of the judgment must be sustained if it is in the alternative and conditional, as a judgment at law must be yea or nay.   (S. v. Bennett, 20 N. C., 170; S. v. Perkins, 82 N. C., 684; In re Deaton, 105 N. C., 59; Strickland v. Cox, 102 N. C., 411); but when the judgment is considered as a whole it appears that the term of imprisonment is fixed and certain; it is to take effect upon the termination of the prior sentence, and there is no provision in the judgment that would not have been written in it by the law.

In other words, the judgment is that the defendant be imprisoned sixteen months, which is to begin immediately if the prior judgment is set aside on appeal, and at the expiration of the prior sentence if it is affirmed, and this is in legal effect a. judgment of imprisonment for sixteen months to commence after the expiration of the first sentence.

"It seems to be well settled by many decisions and with entire uniformity that where a defendant is sentenced to imprisonment on two or more indictments on which he has been found guilty, sentence may be given against him on each successive conviction; in the case of the sentence of imprisonment each successive term to commence from the expiration of the term next preceding.   It cannot be urged against a sentence of this kind that it is void for uncertainty; it is as certain as the nature of the matter will admit."   In re Black, 162 N. C., 458.

If cumulative sentences are valid, the remaining question for consideration is the effect of a reversal of the first sentence upon the second,

and whether provision being made for this contingency makes the judgment a conditional one.

In *Kite v. Com.,* 11 Met. (Mass.), 581, the Court, in speaking of the certainty of a sentence made to depend upon another sentence, and the effect of a reversal of the judgment upon which the latter is based, said: "Though uncertain at the time, depending upon a possible contingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the event. If the previous sentence is shortened by a reversal of the judgment, or a pardon, it then expires; and then, by its terms, the sentence in question takes effect as if the previous one had expired by lapse of time."

This language from *Chief Justice Shaw* was quoted with approval in *Blitz v. United States,* 153 U. S., 308, and the case is approved by the Circuit Court of Appeals for the Ninth Circuit in *United States v. Carpenter,* 151 F. R., 214, which is also reported in 10 A. and E. Ann. Cases, 509, with note.

In the latter case the following language from *Ex parte Jackson,* 96 Mo., 116, is also quoted as authority sustaining the decision of the Court: "The only point, therefore, left for discussion is this: Whether the prisoner, having been sentenced at the same term of court to three successive terms of imprisonment in the penitentiary, having reversed the judgment and sentence of imprisonment pronounced against him as to the second or middle term, and served out his sentence as to the first term, is entitled to be discharged from serving out his third or last term. To this point the response must be in the negative, and for these reasons: The judgment upon which the prisoner's second term of imprisonment was dependent having been reversed, the case stands here precisely as if he had served out his second term or had been pardoned as to the offense for which that sentence was imposed, and so his third term of sentence lawfully began upon the expiration of his first term.' "

If, therefore, it was lawful to impose a sentence of sixteen months, to take effect at the expiration of the first sentence, and if by legal operation such a sentence would begin immediately upon the reversal of the first sentence on appeal or upon its expiration by lapse of time or otherwise, it cannot impair the validity of the judgment that his Honor set down in words what the law would have written into it.

We are of opinion the judgment is authorized by law.

No error.