STATE v. Z. H. DUNCAN.

(Filed 26 June, 1935.)

**1. Criminal Law K a—**

Where the judgment does not provide to the contrary, a prison sentence imposed on each conviction on separate counts in the indictment will run concurrently.

**2. Criminal Law L e—**

Where defendant is convicted on each of two counts in the bill of indictment and sentences of equal length are imposed on each conviction, the sentences to run concurrently, the granting of a new trial on one count would seem futile where there is no contention that there was error in respect to the other count.

**3. Homicide E a—Defendant's own testimony held to negative contention that defendant shot deceased in self-defense.**

Where defendant's own testimony tends to show that he shot and killed deceased in a fit of uncontrollable anger immediately after defendant had shot and killed another, the charge of the court that if the jury should find the facts to be as testified by defendant to return a verdict of guilty of manslaughter, at least, will not be held for error on defendant's exception based upon his contention of self-defense, there being nothing in defendant's testimony tending to show that he killed deceased because of apprehension, real or apparent, that deceased was going to kill him or do him serious bodily harm.

APPEAL by defendant from *Barnhill, J.,* at September Term, 1934, of HARNETT. No error.

At May Term, 1934, of the Superior Court of Harnett County, the grand jury returned as a true bill a bill of indictment in which the defendant Z. H. Duncan was charged with the murder in Harnett County, on 13 May, 1934, of Jarvis Stephens.

At September Term, 1934, of said court, the grand jury returned as a true bill a bill of indictment in which the defendant Z. H. Duncan was charged with the murder in Harnett County, on 13 May, 1934, of Jeff Moore.

Without objection by the defendant, the actions founded on these two indictments were consolidated by an order of the court at September Term, 1934, of said court, for trial as upon one indictment containing two counts, the first for the murder of Jeff Moore, and the second for the murder of Jarvis Stephens. A plea of not guilty as to each count was entered by the defendant.

At the trial there was a verdict that the defendant is guilty of murder in the second degree on the first count, and is guilty of manslaughter on the second count.

The evidence, if the testimony of witnesses for the State was believed by the jury, was sufficient to sustain both verdicts. The defendant contended that the evidence offered by him was sufficient to support his plea of self-defense as to both counts. The court instructed the jury that if they found the facts to be as testified by the defendant, they should return a verdict on the second count of guilty of manslaughter. The defendant excepted to this instruction.

It was adjudged by the court that the defendant be confined in the State's Prison at hard labor for a term of not less than fifteen or more than twenty years, on each verdict. The defendant excepted to the judgment and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Otis L. Duncan, J. R. Young, and I. R. Williams for defendant.*

CONNOR, J. At the trial of this action the defendant was convicted on both counts in the consolidated indictment—on the first count, of murder in the second degree, and on the second count of manslaughter. He was sentenced by the court to imprisonment in the State's Prison, on each verdict, for a term of not less than fifteen or more than twenty years. It is not ordered in the judgment that one term shall commence at the expiration of the other. The terms of the sentences on both convictions are concurrent. In *In re Black,* 162 N. C., 457, 78 S. E., 273, it is said: "It seems to be well settled by many decisions and with entire uniformity that where a defendant is sentenced to imprisonment on two or more indictments on which he has been found guilty, sentence may be given against him on each successive conviction; in the case of the sentence of imprisonment, each successive term to commence at the expiration of the term next preceding. It cannot be urged against a sentence of this kind that it is void for uncertainty; it is as certain as the nature of the matter will admit. But the sentence must state that the latter term is to begin at the expiration of the former; otherwise, it will run concurrently with it."

In view of this principle, which is applicable to the judgment in the instant case, it would seem that a new trial on the second count in the indictment would be futile. The defendant does not contend on his appeal to this Court that there was error in the trial of the issue involved in the first count, or that there was no evidence to support the contention of the State on the second count. He admits that he killed Jarvis Stephens with a deadly weapon, as alleged in the second count, but contends that the homicide was in his self-defense. He excepted to the instruction of the court to the jury, in effect, that if the jury should find the facts to be as the defendant, as a witness in his

own behalf, had testified, they should find that the defendant is guilty of manslaughter, at least, on the second count. This exception cannot be sustained.

It does not appear from the testimony of the defendant as set out in the case on appeal that he shot and killed Jarvis Stephens, as charged in the second count, because of his apprehension that the deceased was about to kill him, or do him serious bodily harm. The defendant's testimony shows that he shot and killed the deceased, immediately after he had shot and fatally wounded Jeff Moore and while he was beside himself with anger and passion. There is nothing in defendant's evidence which shows any necessity, real or apparent, for the homicide, and for that reason there was no error in the instruction which the defendant assigns as error. The judgment is affirmed.

No error.