In the Matter of EARL PARKER.

(Filed 19 September, 1945.)

**1. Criminal Law § 62½—**

In the absence of a statute to the contrary, and unless it sufficiently appears otherwise in the sentence itself, it is generally presumed that sentences imposed in the same jurisdiction, to be served at the same place or prison, run concurrently, although imposed at different times, and by different courts and upon a person already serving a sentence. No presumption will be indulged in favor of sustaining a sentence as cumulative.

**2. Criminal Law §§ 61a, 62½—.**

Where the judgment in a criminal case, imposing sentence, concludes in part, "this sentence to begin at the expiration of the sentence in case number C. P. 31355," the sentence is not merely vague, standing alone it is meaningless; and is only explained, by resort to evidence *aliunde*, that these words refer to the administrative record in the State Prison of a sentence in another case against defendant.

**3. Criminal Law § 61a—**

The intention of the court imposing sentence should prevail where clearly expressed, but this does not imply that such intention should be sought through evidence *dehors* the record—as here made necessary. The mode of reference lacks the certainty required in criminal judgments and is not approved.

Appeal by petitioner from *Parker, J.*, at May Term, 1945, of Lenoir. Petitioner seeks, by *certiorari,* to have reviewed an order of Honorable R. Hunt Parker, Judge of the Superior Court, made in a *habeas corpus*

proceeding heard at May Term, 1945, of Lenoir Superior Court, substantially upon the following facts:

At October Term, 1935, of Lenoir County Superior Court, the defendant was convicted of larceny of an automobile and sentenced to confinement in State's Prison for seven years. Minute Docket X, Clerk's office, Lenoir County Superior Court; Permanent Criminal Docket, p. 279. At June Term, 1937, of Martin County Superior Court, the petitioner, who had meantime escaped from prison, was charged with larceny, pleaded guilty, and the following sentence pronounced: "That the defendant be confined in the State's Prison at Raleigh for a term of three years. This sentence to begin at the expiration of the sentence in case number C. P. #31355."

At the June Criminal Term of Lenoir County Superior Court, petitioner pleaded guilty of breaking and entering and larceny, and was sentenced as follows: "Let the defendant be confined to the State's Prison for a term of five years. Sentence to begin at expiration of sentence now serving for larceny of automobile in Martin County." Docket Y, p. 219.

The prisoner was returned to custody of the State's Prison immediately after his trial at Lenoir Superior Court in June, 1937, and resumed service of the sentences imposed.

It is conceded that unless the sentence imposed on petitioner in Martin County Superior Court 17 June, 1937, does not in law begin at the expiration of the sentence imposed at the 1935 Term of Lenoir Criminal Court, but, on the contrary, runs concurrently therewith, the petitioner, at the time he sued out the writ of *habeas corpus* now under review, had completed the entire period of service under the several sentences imposed, and is entitled to his discharge.

At the hearing the petitioner introduced the records of the various criminal judgments involved, of dates and in substance as above stated.

In reply the respondent, over objections and exceptions of petitioner, introduced evidence *aliunde* the court records to explain the reference in the 1937 Martin County sentence to "case number C. P. #31355," and to connect it with the 1935 sentence imposed in Lenoir County. In part, this evidence was to the effect that the Lenoir County sentence had been duly certified to the State Prison authorities; and that in accordance with the custom of that institution, it was thereupon given upon the State Prison records a designating name and number for administrational purposes, to wit: "Case No. 31355."

Further, respondent introduced the prison records of three commitments purporting to be upon the several sentences involved; and a letter of Mary G. Goldsborough, Principal General Clerk of the Prison Division, purporting to give the record of petitioner as a prisoner, and includ-

ing prison data as to dates of conviction, offense, sentence; with much other matter concerning petitioner's prison record.

From the answer to the petition, it appears that at the request of Sheriff Roebuck, of Martin County, the prison authorities furnished him a copy of the prisoner's record, including a statement of the sentence imposed on petitioner, at October, 1935, Term of Lenoir Court, designated on the prison record as "CP #31355."

Where necessary, other facts of record as may be pertinent to the decision will be referred to in the opinion.

At the conclusion of the evidence, the judge hearing the writ made his findings of fact, including inferences and conclusions of fact made from the evidence above summarized, and stated his conclusions of law. His Honor found, substantially, that the notation "CP 31355 means Central Prison 31355, and means the sentence imposed at the October, 1935, Term of the Superior Court of Lenoir County against the petitioner, Earl Parker, and that the reference to the sentence imposed at the October Term, 1935, of the Lenoir Superior Court is certain and definite, and that it was clearly the intention of the Judge who presided at the June Term, 1937, of the Superior Court of Martin County to make his sentence begin at the expiration of the sentence imposed at the October Term, 1935, of Lenoir County against this petitioner, and that his intent is clearly and definitely fixed in his judgment." He therefore found as a matter of law that the Martin County sentence began at the expiration of the aforesaid sentence imposed in 1935 in Lenoir County, and that the sentence imposed against petitioner at June Term, 1937, of the Superior Court of Lenoir County began at the expiration of the prison sentence imposed against petitioner at the June Term, 1937, of the Superior Court of Martin County.

Concluding that there was no evidence before the court that Parker has served in full the three prison sentences, as thus interpreted, the court remanded petitioner into custody of the prison officials to be returned to the State's Prison until the sentences had been completely served in accordance with his judgment.

The petitioner, preserving his objections and exceptions, brings the case here for review by proper writ.

*George B. Patton, general counsel and attorney for respondent, appellee.*

*J. A. Jones for petitioner, appellant.*

SEAWELL, J. The question presented upon this appeal is whether the sentence imposed upon the petitioner at the June, 1937, Term of Martin

Superior Court has the legal effect of causing that sentence to run consecutively with a prior sentence of seven years imposed upon him at Lenoir Superior Court in 1935. It is conceded that if the Martin County sentence runs concurrently with the Lenoir sentence referred to, petitioner has "paid his debt to society"—at least as far as may be done by completing his penal servitude under all the sentences imposed—and is now entitled to his discharge.

In the absence of a statute to the contrary, and unless it sufficiently appears otherwise in the sentence itself, it is generally presumed that sentences imposed in the same jurisdiction, to be served at the same place or prison, run concurrently, although imposed at different times, and by different courts and upon a person already serving a sentence. 15 Am. Jur., Criminal Law, ss. 464, 465; *S. v. Duncan,* 208 N. C., 316, 180 S. E., 595; *In re Black,* 162 N. C., 457, 78 S. E., 273. The burden is, therefore, on the respondent in the present proceeding to show that the challenged sentence in legal effect is cumulative, running consecutively instead of concurrently with the sentence or sentences with which it is supposed to stand in relation. Where the intention of the court to make the sentence begin at the expiration of a prior sentence is clearly and adequately expressed in the sentence itself, that burden is carried, of course, by a manifestation of the judgment or record. In the case of inherent ambiguity in the sentence, the question arises whether this vagueness is capable of being removed at all; and whether public policy, which requires a high degree of certainty in judicial actions affecting the liberty of the individual, will permit a sentence to be clarified by resort to evidence *aliunde,* such as that offered in this case; or whether, indeed, a reference such as we find in the sentence under review can be held to meet the requirements of certainty or definiteness demanded in a criminal judgment. "No presumption will be indulged in favor of sustaining a sentence as cumulative." 15 Am. Jur., Criminal Law, S. 465, *supra. Davis v. Anderson,* 207 F., 263.

The controversy hinges around the expression used in the concluding part of the Martin County judgment: "This sentence to begin at the expiration of the sentence in case number C. P. #31355."

Standing alone, this sentence is not merely vague, it is meaningless. It does not name the county or court in which that trial was had and in which the judicial record was made and is kept, or the date or term of the court, or even the name of the defendant; nor does it give any description of the offense of which the defendant was convicted, or designate the term of the sentence imposed—by means of which the Lenoir County sentence, the expiration of which is to determine the beginning of the Martin County sentence, could be identified from the

judicial records themselves and the sentence given significance. Also, there is nothing in the sentence to explain what is meant by "case number C. P. #31355," or to direct the inquirer where such a thing might be found.

Respondent undertook upon the *habeas corpus* hearing to explain this reference by evidence partly parol, partly from the State Prison records, and partly circumstantial, to the effect that this petitioner had been committed to State Prison on a seven-year sentence imposed in Lenoir County in 1935; that "CP" meant "Central Prison," and the number "31355" was the number assigned to that case on the prison records for administrational purposes. Further, that the State Prison authorities furnished this information to Sheriff Roebuck of Martin County a few days prior to the sentencing of the petitioner in that county, from which it was assumed that the information was passed on to the presiding judge.

Without discussing the propriety of this sort of reference, or the nature of the evidence by which it is sought to clarify it, counsel for respondent seeks to apply the principle *"id certum est quod certum reddi potest,"* so often applied in civil matters, but ignores the rest of the maxim—*"sed id magis certum est quod de semetipso est certum"*—to the guidance of which we are so often committed by public policy, especially on the judicial side of criminal law administration. "That is certain which can be made certain, but that is more certain which is certain of itself."

The question here is not merely one of the intention of the judge imposing the sentence, and the method of ascertaining it; it is also a question of the adequate expression of that intent within acceptable standards of certainty in dealing with the liberty and lives of those charged with violations of the law. We are, therefore, not bound by the findings of fact we find in the record as we might be, under proper conditions, in civil cases.

From the nature of the subject, no general rule and usually no precedent can be found for specific application to cases of this sort, which are apt to be highly individualized. Each case must be decided on its own merits. North Carolina has been referred to as one of the states requiring "rigid specificity" in a sentence intended to be cumulative in its effect. We need not go that far in expressing our disapproval of the sentence under review.

We are familiar with the rule that criminal laws must be construed strictly against the State and in favor of the liberty of the citizen. That is but manifestation or cropping out of a broader public policy, firmly established amongst English speaking people, which requires a high degree of certainty in the procedure by which a person is deprived of his

liberty or his life. The protection it affords follows him through the incidents of trial, and is not withdrawn when most needed : when he stands before the court, *in invitum* and at arms length with the State, to receive sentence for his misdemeanor; or to shift the picture to a more sensitive spot on the retina, when society, through its authorized agency, undertakes to budget the life of an errant member and take out of it the years forfeit to the law. The policy of the law which will not permit the accused to be convicted of crime unless his guilt is proved beyond a reasonable doubt will certainly interpose to prevent his punishment under a vague and ambiguous sentence—an instrumentality less certain than the proceeding upon which its authority is based.

It is true, of course, that the intention of the court imposing the sentence should prevail where clearly expressed. 15 Am. Jur., *supra,* s. 465; Anno. 70 A. L. R., 1512. But we do not think this implies that such intention should be sought through evidence *dehors* the record—at least such as is here made necessary;—that it is open to the same sort of proof as if the judge were writing a will or making a contract.

A sentence is not merely a directive from which those who are to execute it may obtain information as to the extent of that duty, but, put on the official court record, it is a guarantee to the prisoner that prosecution will not again be attempted within its scope and that punishment shall not exceed its reasonably definite limits.

We seriously question the legal propriety of the reference in this sentence. The court records of Lenoir County were as easily accessible to the Martin County court as were the administrational records of the Prison. The sentence itself could have been made clear and definite by an accurate reference to these court records in such detail as might be required for identification without resort to evidence *aliunde*. The ambiguity upon the face of the sentence leads us to the conclusion that the offices of the sentence, as above outlined, were not adequately served.

We are, therefore, unable to sustain the sentence under review as cumulative in its legal effect. Since it was served concurrently with the other sentences set out in the record, and petitioner has, therefore, completed the total time of service for which he could be lawfully held, he is entitled to his discharge. It is so ordered. The judgment of the court below is

    Reversed.