IN THE MATTER OF ORVILLE (ARVIL) V. J. SMITH.

STATE v. ORVILLE (ARVIL) V. J. SMITH.

(Filed 27 February, 1952.)

**1. Criminal Law § 62e—**

The presumption that sentences imposed in the same jurisdiction to be served in the same place or prison run concurrently does not obtain when the intent that the sentences are to be served consecutively appears in the judgment without resort to evidence *aliunde,* provided the time of the commencement of the second sentence is sufficiently definite.

**2. Same—**

Two sentences, in order to run concurrently, must be sentences to the same place of confinement.

**3. Same—**

While serving a single sentence of confinement in the State Prison defendant was sentenced for another offense to be confined in the common

jail of a county, "to take effect at the expiration of the sentence the de-
fendant is now serving in the State Prison." *Held:* The intent that the
second sentence should be served consecutively appears from the judgment
itself and the time of the commencement of the second sentence is suffi-
ciently definite, and further the two sentences are not to the same place
of confinement, and therefore the sentences are to be served consecutively.

Petition for writ of *certiorari.*

At the July Term 1944, Haywood County Superior Court, respondent
pleaded guilty to a bill of indictment charging the crime of larceny and
was sentenced to the State's prison. While serving this term he was put
on trial in Jackson County on the charge of assault with a deadly weapon,
which assault was committed after he had escaped from prison and before
his recapture. He entered a plea of guilty and the court pronounced
judgment that defendant be confined in the common jail of Jackson
County for a term of eighteen months to be assigned to work on the State
highways under the supervision of the State Highway and Public Works
Commission, said sentence "to take effect at the expiration of the sentence
the defendant is now serving in the State Prison."

Due to numerous escapes and other breaches of prison discipline, re-
spondent did not complete the service of his first term until 11 September,
1951, at which time he was held in custody under a detainer notice for
the purpose of serving the second sentence imposed in the Jackson County
Superior Court. On 25 September he obtained a writ of *habeas corpus*
on the allegation that under the law his two sentences were concurrent
and not cumulative and therefore he has completed the service of both
sentences and his present detention is unlawful.

On the return of the writ, Armstrong, J., on 8 October 1951, found the
facts and concluded that the two sentences were concurrent and not con-
secutive and that the applicant "has completed the total time of service
for which he could be lawfully imprisoned under said sentences and is now
illegally restrained of his liberty." He thereupon entered his order dis-
charging the prisoner from custody. The Attorney-General petitions this
Court for a writ of *certiorari.*

*Attorney-General McMullan, Assistant Attorney-General Moody, R.
Brookes Peters, Laurence J. Beltman, and E. O. Brogden, Jr., for peti-
tioner.*

*Wright T. Dixon, Jr., for respondent appellee.*

Barnhill, J. Has the respondent, in contemplation of law, com-
pleted the service of the sentence imposed in the Jackson County Superior
Court on his plea of guilty to the charge of assault with a deadly weapon;
or, stated differently, did that sentence and the sentence he was then

serving in the State prison for larceny run concurrently? This is the question posed for decision.

The respondent stressfully contends that the provision in the judgment last pronounced that said sentence was "to take effect at the expiration of the sentence the defendant is now serving in the State Prison" is ambiguous and too indefinite to evidence an intent on the part of the judge that the two sentences were to be served consecutively and therefore, under the general rule, they were to be served concurrently.

In support of his position he relies primarily on the case of *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169. But the decision in that case, when correctly interpreted, can afford him little comfort. The only questions there decided were: (1) The attempted postponement of the beginning date of the second sentence was indefinite and uncertain and therefore incapable of enforcement; and (2) since defendant was confined in the same place of imprisonment under two separate commitments, and the attempted postponement of the beginning date of the sentence last imposed was void, the presumption that the two sentences were concurrent prevailed.

It is true the Court, in discussing the case, listed some of the acceptable *indicia* of an intent to make two or more sentences consecutive. Yet it must not be understood that this Court intended the list to be all-inclusive or to say all are required to evidence that intent. There are other *indicia* such as an order that defendant be incarcerated in a different place of confinement. And, in any event, all that is required is that the intent of the judge that the sentences are to be served consecutively shall be made to appear without resort to evidence *aliunde*.

"In the absence of a statute to the contrary, and unless it sufficiently appears otherwise in the sentence itself, it is generally presumed that sentences imposed in the same jurisdiction, to be served *at the same place or prison,* run concurrently, although imposed at different times, and by different courts and upon a person already serving sentences." (Italics supplied.) *In re Parker, supra; In re Black,* 162 N.C. 457, 78 S.E. 273; *S. v. Duncan,* 208 N.C. 316, 180 S.E. 595; 15 A.J. 123; 24 C.J.S. 1236; Anno. 70 A.L.R. 1511.

In applying this rule, due emphasis must be accorded the phrase "to be served at the same place or prison." It limits the universality of the rule and clearly demonstrates its inapplicability to the facts here presented.

The intent of the judge that the sentence in the assault case should begin at the expiration of the sentence in the larceny case is evidenced both by the language used and the fact the incarceration was to be at a different place of imprisonment. Certainly the two circumstances considered together are sufficient to disclose clearly that it was intended that the two sentences should run consecutively and not concurrently.

"When a term of imprisonment is still unexpired, the prisoner being in custody, the proper course at common law is to appoint the second imprisonment to begin at the expiration of the first, to be specifically referred to in the sentence; and a sentence to this effect, when the prior imprisonment is specified, is sufficiently exact." Whart. Criminal Law, 10th Ed., p. 2307; 24 C.J.S. 107; 15 A.J. 123; Anno. 70 A.L.R. 1511 et seq.; In re Black, supra; S. v. Cathey, 170 N.C. 794, 87 S.E. 532; S. v. Duncan, supra; In re Parker, supra.

Had the defendant been serving more than one term at the time he was sentenced in the assault case, the attempted postponement of the sentence in that case would be incapable of enforcement by reason of the uncertainty as to which one of the prior sentences reference was had. But such is not the case here. The respondent at the time was serving one and only one sentence in the State prison. There can be no reasonable doubt therefore as to the imprisonment to which the court had reference.

But we may concede, arguendo, that this provision in the assault case judgment is not sufficiently clear to work a postponement of the beginning date of that sentence. Even so, it is made to appear that the two sentences were to be cumulative in nature.

Two sentences, in order to run concurrently, must be sentences to the same place of confinement. People v. Kennay, 63 N.E. 2d 733; Anno. 70 A.L.R. 1512; 15 A.J. 123.

"Ordinarily sentences to different institutions are, in the very nature of things, cumulative and not concurrent." Anthony v. Kaiser, 169 S.W. 2d 47. "A sentence in the penitentiary and one adjudging that a man shall spend a certain time in the county jail cannot be served out concurrently." Story v. State, 27 S.W. 2d 204.

"Servitude in the United States penitentiary at Atlanta did not answer the requirement to serve one year in Mercer County Jail in New Jersey. The petitioner could not serve the term fixed for Mercer County jail until after he finished his term at Atlanta, Georgia." Ex parte Lamar, 274 F. 160, 24 A.L.R. 864, affirmed 260 U.S. 711, 67 L. Ed. 476.

At the time judgment was pronounced in the assault case, respondent was confined in the State prison. The court was without authority to require him to serve his sentence in the assault case in that institution. His incarceration there under a judgment in the assault case would have constituted an unlawful imprisonment. It was impossible for him to be in two places at one and the same time. It follows that the service of the prison term did not constitute a service of his sentence of imprisonment in the county jail. Therefore, respondent must be committed to the custody of the keeper of the common jail of Jackson County to the end that he may serve the sentence imposed or until he is otherwise discharged in some manner provided by law.

Petition allowed.