In the Matter of LEVI BENTLEY.

STATE v. LEVI BENTLEY.

(Filed 7 April, 1954.)

Criminal Law § 62e—

   A sentence to the common jail of a county upon conviction of one offense, and a subsequent sentence to the State Prison upon a conviction of another offense, in the absence of order in the judgment that the sentences should run concurrently, are consecutive and not concurrent sentences.

Petition for *certiorari*.

At the 2 January Term, 1952, of the Recorder's Court of Caldwell County the respondent, Levi Bentley, hereinafter referred to as the defendant, upon a third conviction of public drunkenness within a twelve-months period, was sentenced, as provided by G.S. 14-335, subparagraph 10, to confinement "in the common jail of Caldwell County for a period of twelve months and assigned to work upon the roads under the control and supervision of the State Highway and Public Works Commission." While serving this sentence the defendant, at the February Term, 1952, of the Superior Court of Caldwell County, pleaded guilty to a bill of indictment charging him, among other things, with feloniously breaking and entering a store building with intent to steal merchandise in violation of G.S. 14-54. Upon this plea the defendant was sentenced to confinement "in the State Prison at Raleigh, N. C. for not less than two nor more than three years, to be assigned to hard labor as provided by law, under the State Highway and Public Works Commission."

The judgment of the Superior Court contained no directive that the penitentiary term should be served either concurrently or consecutively with the jail sentence previously imposed in Recorder's Court.

On 3 October, 1952, the defendant, with gained-time credit for good behavior, completed service of his jail sentence and was retained in custody by the authorities of the State Highway and Public Works Commission and entered upon service of the penitentiary sentence imposed by the Superior Court of Caldwell County.

Thereafter the defendant, alleging that the two sentences were in law concurrent prison terms and that both had been completed, sued out a writ of *habeas corpus* which was returned before Judge Zeb V. Nettles, Judge presiding at the August Term, 1953, of the Superior Court of Caldwell County. Upon return of the writ, Judge Nettles, being of the opinion that the sentences imposed concurrent prison terms, entered an order releasing the defendant from custody. To the entry of the order the State of North Carolina, acting through the Attorney-General and the Director of Prisons, excepted and petitioned this Court for Writ of

STATE *v.* SAILOR.

*Certiorari* for review of the order of release. By order entered 13 October, 1953, we allowed the petition and directed that *capias* issue for the defendant's re-arrest, with direction that he be allowed privilege of bail to await the decision of this Court.

The record discloses the defendant executed bond, with approved sureties, in the amount and conditioned as required by the Court. It also appears he was served in apt time with a copy of the brief filed here by the State.

*Attorney-General McMullan, Assistant Attorney-General Moody, R. Brookes Peters, Laurence J. Beltman, and E. W. Hooper for petitioner. No counsel contra.*

JOHNSON, J. *In re Smith,* 235 N.C. 169, 69 S.E. 2d 174, is decisive of this case. The rule is that two sentences, in the absence of a directive as to time of commencement, in order to run concurrently, must be sentences to the same place of confinement. Sentences to different institutions, in the very nature of things, are consecutive and not concurrent. *In re Smith, supra.*

The decision in *In re Parker,* 225 N.C. 369, 35 S.E. 2d 169, which no doubt influenced the court below in releasing the defendant, is distinguishable. There, the sentences were to be served at the same prison. Here, the defendant was sentenced in the first case to the common jail of Caldwell County, in the second to the State Prison. It necessarily follows that he must serve the rest of the prison sentence imposed in the latter case. Let *capias* and commitment issue accordingly.

Reversed and remanded.