STATE v. EDWARD C. STONESTREET.

(Filed 2 November, 1955.)

**1. Arrest § 3: Criminal Law §§ 56, 81a—**

An indictment charging that defendant did unlawfully and willfully resist a public officer while discharging and attempting to discharge a duty of his office is fatally defective in failing to charge the official duty the designated officer was discharging or attempting to discharge, and the Supreme Court will arrest the judgment thereon *ex mero motu.*

**2. Intoxicating Liquor § 9g—**

Where an indictment charges separately the unlawful possession and unlawful transportation of intoxicating liquor, a separate judgment may be pronounced on each count.

**3. Criminal Law § 17b—**

A plea of guilty has significance only to the extent that it is responsive to the charge made in the indictment.

**4. Same: Criminal Law §§ 56, 60b—**

The indictment charged defendant with unlawfully and willfully receiving intoxicating liquor. Defendant plead guilty to unlawful possession. The plea must be given significance by reference to the charge, and since "receiving" of intoxicating liquor is not an offense under our statute, the judgment must be arrested.

**5. Criminal Law § 62e—**

Where the court enters separate judgments, each complete within itself, imposing sentences to the same place of confinement, the sentences run concurrently as a matter of law.

**6. Criminal Law § 81c (4)—**

Where two or more counts or indictments are consolidated for the purpose of a single judgment, error relating to one count or indictment requires remand for proper judgment on the valid counts or indictments, but where separate judgments are entered on each count or indictment, each judgment complete within itself, a valid judgment pronounced on a plea of guilty on one valid count or indictment will be upheld, notwithstanding that judgment must be arrested on the other counts or indictments.

**7. Criminal Law § 62f—**

Where the court before entering judgment on several counts states that it intends to give active sentences on several of the counts, but that if defendant consented to a suspended sentence on another count, the court would make the active sentences less than it would otherwise impose, *held* not prejudicial, there being no comment or suggestion that the suspended sentence would restrict the defendant's right to appeal from the judgments imposing active sentences.

Appeal by defendant from *Rousseau, J.,* March Term, 1955, of Wilkes.

Criminal prosecutions upon two bills of indictment.

One indictment charged that defendant on 5 December, 1954, at and in Wilkes County, (1) "did unlawfully and willfully operate an automobile upon the public highways of Wilkes County while then and there being under the influence of intoxicating liquors, or narcotic drugs," etc., and (2) "did unlawfully and willfully receive and transport certain intoxicating liquors," etc.

The other indictment charged that defendant on 5 December, 1954, at and in Wilkes County, (1) "(did) unlawfully, willfully resist, delay and obstruct one F. C. Bell a public officer, to wit, State Highway Patrolman while discharging and attempting to discharge a duty of his said office by beating and kicking him," and (2) "did unlawfully and willfully make an assault upon one, F. C. Bell, State Highway Patrolman, by striking, and kicking the said officer, and did then and there unlawfully beat, wound and seriously injure the said F. C. Bell, State Highway Patrolman," etc.

When the cases were called for trial, defendant pleaded guilty to unlawful *possession* and to unlawful transportation of intoxicating liquor as *charged* in the second count of the bill of indictment first referred to above; and he pleaded not guilty to all other charges. The cases were consolidated for the purpose of trial. Upon trial, the court did not submit to the jury the assault charge, set forth as the second count in the bill of indictment last referred to above.

The verdict of the jury was: (1) as to operating an automobile while under the influence of intoxicating liquor as charged, "Not Guilty"; and, (2) as to resisting an officer, "Guilty of resisting an officer as charged."

After verdict, as shown by the record, this occurred: "Court stated to counsel and to the defendant before imposing any judgment on any count that the Court intended to give the defendant Stonestreet an active sentence on the charge of resisting an officer and on one of the other counts, but if counsel and defendant would consent to a suspended sentence on one count on terms the Court deemed proper that the Court

would make the active sentences less than the sentences he would otherwise impose." The Court explained: "I am talking about suspending a sentence. That is a proper judgment if he will consent to it." To this comment, counsel for defendant replied: "I would rather your Honor would just sentence him, and we will take such steps as we can."

Thereupon, the court pronounced judgment, on defendant's plea of guilty of unlawful transportation of intoxicating liquor, that the defendant "be confined in the common jail of Wilkes County for a period of 12 months, and assigned to work on the roads under the control and supervision of the State Highway and Public Works Commission"; and the court pronounced judgment, imposing a like sentence of 12 months, on defendant's plea of guilty of unlawful *possession* of intoxicating liquor. On the verdict of guilty of resisting an officer as charged, the court pronounced judgment that the defendant "be confined in the common jail of Wilkes County for a period of 18 months, and assigned to work on the roads under the control and supervision of the State Highway and Public Works Commission." Later, the court modified this judgment by reducing the term thereof from 18 months to 12 months. No provision was made that the sentences should run otherwise than concurrently.

Defendant excepted and appealed, assigning errors.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Trivette, Holshouser & Mitchell for defendant, appellant.*

BOBBITT, J. First, we consider the conviction for resisting arrest as charged. While not argued in appellant's brief, we are constrained to hold that the motion in arrest of judgment should have been allowed. If the offense is not sufficiently charged in the indictment, this Court, *ex mero motu,* will arrest the judgment. *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140; *S. v. Watkins,* 101 N.C. 702, 8 S.E. 346. The indictment is fatally defective in that it does not allege all the facts necessary to constitute an offense under G.S. 14-223. Specifically, it fails to charge the official duty the designated officer was discharging or attempting to discharge. *S. v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793, and cases cited. As to the essentials of an indictment charging bribery, G.S. 14-218, see *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917.

When an indictment charges separately the unlawful possession and unlawful transportation of intoxicating liquor, a separate judgment may be pronounced on each count. *S. v. Chavis,* 232 N.C. 83, 59 S.E. 2d 348. Here the defendant pleaded guilty to unlawful possession and to unlawful transportation of intoxicating liquor. Even so, the plea

had significance only to the extent it was responsive to the charge laid in the indictment. The indictment does not charge unlawful possession of intoxicating liquor. Our statutes make no reference to "receiving" of intoxicating liquor. Possibly this word was borrowed from another jurisdiction. Hence, this Court, *ex mero motu*, arrests the judgment predicated on defendant's plea of guilty of unlawful possession of intoxicating liquor.

The indictment did properly charge unlawful transportation of intoxicating liquor. Defendant's plea of guilty was responsive thereto. The judgment pronounced thereon is valid and must be upheld.

Separate judgments, each imposing a sentence of twelve months to the same place of confinement, were pronounced. Each judgment is complete within itself. As a matter of law, the sentences run concurrently. *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169. Compare: *In re Smith*, 235 N.C. 169, 69 S.E. 2d 174; *In re Bentley* and *State v. Bentley*, 240 N.C. 112, 81 S.E. 2d 206.

Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon, even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. "Presumably this (the single judgment) was based upon consideration of guilt on both charges." *Devin, J.*, later *C. J.*, in *S. v. Camel*, 230 N.C. 426, 53 S.E. 2d 313; also, see *S. v. Braxton*, 230 N.C. 312, 52 S.E. 2d 895. But the rule is otherwise when, as here, separate judgments, each complete within itself, are pronounced on separate indictments or counts. In such case, a valid judgment pronounced on a plea of guilty to a valid count in a bill of indictment will be upheld. *S. v. Thorne, supra; S. v. Calcutt*, 219 N.C. 545, 15 S.E. 2d 9.

Defendant urges that this Court set aside all judgments pronounced because of the comment made by the trial judge to him and to his counsel before any judgment was pronounced on any count. In effect, the contention is that the comment was such as to disqualify the trial judge from pronouncing any judgment. Upon the record before us, we cannot so hold.

The validity of a suspended sentence rests upon the consent of the defendant, express or implied. *S. v. Cole*, 241 N.C. 576, 86 S.E. 2d 203, and cases cited. The court's suggestion that he was disposed to make the active sentences he had in mind to pronounce less if defendant would agree that the sentence on one count be suspended on certain undefined terms apparently did not interest the defendant. Hence, there was no discussion whatever as to what the court had in mind,

---

---

either in respect to the length of the active sentences or in respect to the length of the sentence to be suspended or the conditions of suspension thereof. Nor was there any comment or suggestion that the suspended sentence would restrict the defendant's right of appeal from judgment imposing active sentences. In this connection, while he excepted to the judgments pronounced, defendant did not except to the comment of the court. Be that as it may, prejudicial error in this regard has not been shown.

For the reasons stated, the judgment predicated on the defendant's plea of guilty of the unlawful transportation of intoxicating liquor is affirmed; the judgment predicated on defendant's plea of guilty of unlawful possession of intoxicating liquor is arrested; and the judgment predicated upon defendant's conviction when tried upon defective bill of indictment attempting to charge resisting an officer under G.S. 14-223 is arrested.

Judgment affirmed as to unlawful transportation of intoxicating liquor.

Judgment arrested as to unlawful possession of intoxicating liquor.

Judgment arrested as to resisting arrest.