IN THE MATTER OF JOE SWINK.

(Filed 9 November, 1955.)

**1. Criminal Law § 60a—**

A valid judgment of a court of competent jurisdiction is the real and only authority for the lawful imprisonment of a person who pleads or is found guilty of a criminal offense.

**2. Same—**

A commitment has no validity except that derived from the judgment, and to the extent it fails to set forth or certify the judgment accurately, the commitment is void and the judgment itself controls.

**3. Criminal Law § 62e—**

Where judgments appear on the minutes of the court in immediate succession and are consecutively numbered, a provision in a subsequent judgment that it should begin at the expiration of the sentence imposed in the

preceding numbered judgment, is effective, the reference to the preceding numbered judgment being sufficient identification thereof.

**4. Same—**

Where a judgment provides that the sentence therein imposed is "to begin at the expiration of existing sentences" and it appears that the sentences the defendant was then serving were imposed in another court, the sentences run concurrently, since the provision in the later judgment that it was to begin at the expiration of existing sentences has no meaning apart from what may be disclosed by investigations and evidence *dehors* the record, and is, therefore, void for uncertainty.

**5. Same—**

Sentences imposed by different courts to the same place of confinement run concurrently in the absence of valid provisions in the judgments to the contrary.

**6. Same—**

Sentences imposed to different places of confinement do not run concurrently. Sentences in the present case were imposed prior to the enactment of Chapter 57, Session Laws of 1955, and therefore this statute has no application thereto.

**7. Habeas Corpus § 7—**

The sole question for determination upon *habeas corpus* hearing for alleged unlawful imprisonment is whether petitioner is then being unlawfully deprived of his liberty, and when it appears that defendant had not completed prison sentence lawfully imposed under one of several judgments, order remanding the petitioner to custody to complete the serving of the sentence will be affirmed, but the order is modified by striking therefrom the computation by the court of the date petitioner would be eligible for release.

**8. Criminal Law § 62i—**

Where the Governor commutes a sentence "from two years, four months, thirteen days to four years, four months and thirteen days" the sentence, as commuted, remains an indeterminate sentence for the minimum and maximum terms stated therein, and whether the petitioner is to be discharged at the conclusion of the minimum term or at some time thereafter prior to the expiration of the maximum term is for determination by the State Highway and Public Works Commission. G.S. 148-13, G.S. 148-42.

On writ of *certiorari*, to review the order of *Williams, J.*, entered 12 January, 1955, in Raleigh, N. C., after hearing on return of writ of *habeas corpus*.

Judgments imposing sentences were pronounced, in Rutherford County, Gates County and Hertford County. This Court, in its discretion, issued its writ of *certiorari* to clarify petitioner's status under these judgments and the status of others similarly situated.

.

### JUDGMENTS OF RUTHERFORD SUPERIOR COURT.

On 16 November, 1950, petitioner was before the court in three cases, #203, #204 and #205. In #203 and also in #204, petitioner tendered and the State accepted a plea of guilty of larceny of personal property of the value of less than $100.00. In #205, petitioner tendered and the State accepted a plea of guilty of malicious injury to personal property. Thereupon, the court pronounced separate judgments in the three cases, viz.:

In #203, the judgment pronounced was that "the defendant be confined in the common jail of Rutherford County for a term of two years and assigned to the State Highway and Public Works Commission for the service of said term." In the commitment in #203, the judgment was certified correctly by the clerk.

In #204, the judgment pronounced was that "the defendant be confined in the common jail of Rutherford County for a term of two years to be assigned to the State Highway and Public Works Commission for the service of said term." This judgment provided further: "This sentence to begin at the expiration of the sentence pronounced in #203, it being the purpose of the Court that these sentences shall not run concurrently but that one shall follow the other."

In the commitment in #204, the clerk certified that the judgment imposing sentence in that case was: "Judgement (*sic*) of the court is that *he* be imprisoned in the county jail for the term of *two (2) years to begin at expiration of sentence in #203* and assigned to work upon the public roads, and then be discharged according to law, said sentence to commence on (date) *November 16, 1950.*" (Words in italics typed, others part of printed form.)

In #205, the sentence imposed by judgment pronounced was suspended upon specified conditions. This sentence, not having been put into effect, has no bearing on the questions here presented.

### JUDGMENTS OF GATES COUNTY CRIMINAL COURT.

On 22 January, 1952, in #249, petitioner pleaded guilty to wilful escape in violation of G.S. 148-45. Judgment pronounced was that "defendant to be confined to the common jail of Gates County for a term of four months, to be assigned to work the roads under the supervision of N. C. Highway and Public Works Commission. Sentence to begin at expiration of existing sentences."

In the commitment in #249, the clerk certified that the judgment imposing sentence in that case provided, in part, that "said sentence to commence on (date) *at the expiration of sentence imposed in case #204*

*imposed in Superior Court, Rutherford County, November, 1950."*
(Words in italics typed, others part of printed form.)

On 26 February, 1952, in #292, petitioner pleaded guilty to wilful
escape (a subsequent offense) in violation of G.S. 148-45. Judgment
pronounced was that "defendant to be confined to the common jail of
Gates County for a term of six months, to be assigned to work the roads
under the supervision of N. C. Highway and Public Works Commission,
to begin at expiration of existing sentence."

In the commitment in #292, the clerk certified that the judgment
imposing sentence in that case provided, in part, that "said sentence to
commence on (date) *at the expiration of sentence imposed in case #249,
imposed in County Court, Gates County, January 22, 1952."* (Words
in italics typed, others part of printed form.)

### Judgment in Gates Superior Court.

At March Term, 1952, in #205, upon conviction of larceny of an
automobile, judgment pronounced was that "defendant to be confined
to the State's Prison at Raleigh and assigned to work the roads under
the supervision of the State Highway and Public Works Commission
for a term of not less than two nor more than three years, sentence to
begin at expiration of sentence now being served imposed in Case #292,
County Criminal Court of Gates County."

In the commitment in #205, the clerk certified that the judgment
imposing sentence in that case provided, in part, that "said sentence to
commence *at expiration of sentence imposed in case No. 292 in Gates
County Criminal Court on Feb. 26, 1952."* (Words in italics typed,
others part of printed form.)

### Judgment in Hertford Superior Court.

At April Term, 1952, in #130, upon conviction of larceny of an auto-
mobile, judgment pronounced was "that the defendant Joe Swink be
confined in the State's Prison for a term of not less than five (5) years
nor more than seven (7) years, sentence to run concurrently with sen-
tences he is now serving." In the commitment in #130, the judgment
was correctly certified by the clerk.

On 12 January, 1955, upon return of writ of *habeas corpus*, Judge
Williams held that the indeterminate prison sentences imposed by the
judgment pronounced in Gates Superior Court and in Hertford Superior
Court "commenced on December 2, 1954, following the petitioner's com-
pletion of the last of a series of consecutive road sentences from Ruther-
ford and Gates Counties"; that the said prison sentences ran concur-
rently; and that petitioner "will be eligible for consideration for his

release by Prison Authorities on or about June 24, 1958." Petitioner was remanded to the custody of the Warden of the State Prison pending completion of service of the said prison sentences.

On 24 May, 1955, upon return of another writ of *habeas corpus,* Judge Williams dismissed the writ, remanded petitioner to custody, for the reason that the matter had been fully adjudicated in his previous order of 12 January, 1955. A finding of fact in Judge Williams' order of 14 May, 1955, is that the judgment of the Hertford Superior Court imposing a prison sentence of not less than five nor more than seven years was commuted by the Governor of North Carolina on 4 May, 1955, to a prison sentence of "from two years, four months, thirteen days to four years, four months and thirteen days."

It is noted that Judge Williams had before him only the commitments, which purported to contain true copies of the several judgments.

*Bert M. Montague for petitioner, appellant.*

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*R. Brookes Peters, General Counsel, and Parks H. Icenhour for State Highway and Public Works Commission.*

BOBBITT, J. A valid judgment of a court of competent jurisdiction is the real and only authority for the lawful imprisonment of a person who pleads or is found guilty of a criminal offense. Hence, we must look to the judgments to determine the lawfulness of petitioner's present imprisonment. The purpose of a commitment is to advise the prison authorities of the provisions of the judgment. Since a commitment has no validity except that derived from the judgment, to the extent it fails to set forth or certify the judgment accurately the commitment is void and the judgment itself controls. 15 Am. Jur., Criminal Law secs. 502-503; 24 C.J.S., Criminal Law sec. 1607.

Having obtained certified copies of the several judgments as entered on the minutes of the courts, we look to these only in further consideration of the questions presented. We disregard the portions of commitments in conflict with judgments pursuant to which the respective commitments were issued. We would impress upon the clerks that, when issuing a commitment, they are to certify a copy of the judgment exactly as it appears in the court minutes and nothing else.

It is clear that the two cases, #203 and #204, as well as #205, were considered by the Rutherford Superior Court at the same time. The judgments appear on the minutes in immediate succession. Thus, the minutes disclose affirmatively the identity of the judgment pronounced "in #203." Under these circumstances, the reference in the judgment in

#204 to the sentence pronounced "in #203" is a sufficient identification thereof. Therefore, the sentence imposed by judgment in #204 began upon completion of the sentence imposed by judgment in #203.

In cases #249 and #292, the judgments were pronounced by the Gates County Criminal Court at separate terms. In #249, the sentence imposed was "to begin at expiration of existing sentences." In #292, the sentence was "to begin at expiration of existing sentence." These provisions lack the degree of certainty required in judgments in criminal cases. They have no meaning apart from what may be disclosed by investigations and evidence *dehors* the record. Indeed, there is much less certainty in these judgments than in that considered in *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169. As emphasized in the cited case, a high degree of exactitude is required in the pronouncement of judgments imposing penal servitude. Hence, nothing else appearing, they would run concurrently with the sentences imposed by the judgments pronounced in Rutherford Superior Court.

We have not overlooked that portion of G.S. 148-45 which provides that a sentence imposed thereunder for wilful escape shall "commence at the termination of the sentence being served at the time of the offense." It clearly appears, and is so stated in the briefs, that when the judgments were pronounced in Gates County Criminal Court petitioner was then serving the sentence imposed by the judgment pronounced in Rutherford Superior Court in its case #203. Application of this statute would cause the sentences for wilful escape to run concurrently with the sentence imposed by the judgment pronounced in Rutherford Superior Court in its case #204.

Also, upon authority of *In re Parker, supra,* the prison sentences imposed by the judgments pronounced by the Gates Superior Court and the Hertford Superior Court are to be served concurrently.

But, upon authority of *In re Smith*, 235 N.C. 169, 69 S.E. 2d 174, followed in *In re Bentley,* 240 N.C. 112, 81 S.E. 2d 206, the said prison sentences cannot be served concurrently with the road sentences imposed by judgment pronounced by the Rutherford Superior Court and the Gates County Criminal Court because the places of confinement are different. Therefore, the prison sentences began upon completion of the road sentences imposed by the judgments pronounced by the Rutherford Superior Court. Since then they have run concurrently. Apparently, the commutation of prison sentence imposed by the judgment of the Hertford Superior Court was intended to give to petitioner credit thereon for the period between the date of the pronouncement of that judgment and the date of the completion of the road sentences.

For the reasons stated, the order of Judge Williams of 12 January, 1955, is modified by striking therefrom the date of completion of the

road sentences and the date when petitioner will be eligible for release. His order remanding petitioner to custody to complete the serving of the prison sentences is affirmed. The sole question for determination upon *habeas corpus* hearing for alleged unlawful imprisonment is whether petitioner is then being unlawfully deprived of his liberty.

It is apparent that the Hertford prison sentence, after commutation by the Governor of North Carolina, has not expired. As commuted, it remains an indeterminate sentence, for the minimum and maximum terms stated above. Whether the petitioner is to be discharged at the conclusion of the minimum term or at some time thereafter prior to the expiration of the maximum term is for determination by the State Highway and Public Works Commission. G.S. 148-42.

The State Highway and Public Works Commission, in accordance with law as stated herein, the petitioner's gained time, if any, earned by good behavior, G.S. 148-13, and the provisions of G.S. 148-42, will determine the date of petitioner's release.

It appears that the rule laid down in *In re Smith, supra,* has been changed by Ch. 57, Session Laws of 1955. However, this statute has no bearing upon sentences imposed by judgments pronounced prior to its enactment.

It seems appropriate to add that Bert M. Montague, Esq., who appeared by brief and oral argument in the presentation of petitioner's cause here, did so at the request and by appointment of this Court.

Except as modified herein, the orders of Judge Williams, of 22 January, 1955, and of 24 May, 1955, are affirmed.

Modified and affirmed.