STATE v. GEORGE L. BROOKS.

(Filed 27 September, 1967.)

**Criminal Law § 140—**

Under the provisions of G.S. 15-6.2, concurrent sentences may be im-posed for separate offenses, even though one is for a misdemeanor and the other a felony, so that one must be served in the State's prison and one in the county jail.

APPEAL by defendant from *Copeland, S.J.,* 15 May 1967 Session of NEW HANOVER.

Defendant, through his attorney, Aaron Goldberg, Esquire, entered pleas of guilty to charges of breaking and entering (felony) and carrying a concealed weapon (misdemeanor). For the felony, the court imposed a sentence of not less than three nor more than four years in the State's prison. For the misdemeanor, defendant received a sentence of twelve months in the common jail of New Hanover County "to be assigned to work under the supervision of the State Prison Department." The judge ordered that this sentence "run concurrently with sentence on the count of breaking and entering." Defendant appealed from the judgment rendered.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Marvin J. Cowell, Jr., for defendant.*

PER CURIAM. Defendant appeals because the two sentences, which the court specified should run concurrently, do not specify the same place of confinement. He argues that " '[a] sentence in the penitentiary and one adjudging that a man shall spend a certain time in the county jail cannot be served out concurrently.' *Story v. State*, 27 S.W. 2d 204." *In re Smith*, 235 N.C. 169, 172, 69 S.E. 2d 174, 176; *accord, In re Bentley*, 240 N.C. 112, 81 S.E. 2d 206. Defendant contends that this case should be remanded to the superior Court for "proper judgment" in order to effectuate the judge's stated intention that the two sentences run concurrently.

Defendant's apprehension that he might be required to serve an additional 12 months after the completion of his 3-4-year sentence in the State's prison is unfounded. After the decisions in *In re Smith* and *In re Bentley, supra,* the General Assembly of North Carolina at its 1955 Regular Session enacted G.S. 15-6.2:

> "When by a judgment of a court or by operation of law a prison sentence runs concurrently with any other sentence a prisoner shall not be required to serve any additional time in prison solely because the concurrent sentences are for different grades of offenses or that it is required that they be served in different places of confinement."

As a result of this statute, defendant's two sentences run concurrently. When he has completed the sentence in the State's prison, defendant will be entitled to his release.

No error.