STATE v. JUNIOR TROUTMAN AND ROY BARRETT.

(Filed 14 January, 1959.)

**1. Criminal Law § 133—**

Where sentences against defendants are not ordered to begin at the expiration of prior sentences imposed upon them, the subsequent sentences run concurrently.

**2. Criminal Law § 164—**

Where sentences entered against defendants in certain prosecutions run concurrently with other sentences theretofore imposed, and will have expired before the expiration of the other sentences, defendants cannot be prejudiced.

APPEAL by defendants from *Pless, J.,* July, 1958 Term, GASTON Superior Court.

Criminal prosecution upon a bill of indictment charging the defendants with the crime of rape. At the time of arraignment the solicitor for the State "announced in open court the State would not seek a verdict of guilty of rape, but would seek a verdict of assault with intent to commit rape." The jury returned a verdict of guilty of assault on a female. From the judgment of not less than 18 months nor more than 24 months in jail, to be assigned to work on the roads, the defendants appealed.

*Malcolm B. Seawell, Attorney General, Claude L. Love, Ass't. Attorney General, for the State.*

*Mullen, Holland & Cooke, By: Fred P. Cooke, for defendants, appellants.*

PER CURIAM. In Case No. 149, now before this Court, the same defendants appealed from judgments imposing total sentences of four years on the roads, and the judgments have this day been upheld.

The sentences in this case were not ordered to begin at the expiration of the prior sentences, consequently they run concurrently with them. By upholding the sentences in this case, the defendants will complete serving them before the expiration of the first of the prior sentences. The defendants, therefore, are not prejudiced by the judgment involved in this appeal. Moreover, the assignments of error appear to be without substance.

No Error.