STATE v. JIMMY LEVERNE EFIRD.

(Filed 8 November, 1967.)

**1. Homicide § 20—**
　　Evidence in this case *held* sufficient for the jury on the question of defendant's guilt of involuntary manslaughter.

**2. Homicide § 30—**
　　Punishment for involuntary manslaughter may be by fine or imprisonment not to exceed 10 years, or both, in the discretion of the court. G.S. 14-2, G.S. 14-18.

**3. Criminal Law § 140—**
　　Where the court enters separate judgments imposing sentences of imprisonment, and each judgment is complete within itself, the sentences run concurrently as a matter of law, in the absence of a provision to the contrary in the judgment, even though the sentences are for different grades of offenses requiring different places of confinement, G.S. 15-6.2.

APPEAL by defendant from *Johnston, J.,* March 27, 1967 Session of STANLY.

Criminal prosecutions on (1) a bill of indictment charging involuntary manslaughter, to wit, the felonious killing of Elon Deliliah Hall on January 6, 1967, (2) a warrant charging operation of a motor vehicle while under the influence of intoxicating liquor, and (3) a warrant charging the operation of a motor vehicle without a valid operator's license. (In respect of the charges set forth in the two warrants, the trial in the superior court was *de novo* upon defendant's appeal from judgments of the Stanly County Recorder's Court.) The three cases were consolidated for trial. After trial, in which defendant was represented by court-appointed counsel, the jury returned a verdict of guilty as to each of said charges.

In the involuntary manslaughter case, the court pronounced judgment that defendant be confined in the State's Prison for a term of five years. In the case in which defendant was charged with the operation of a motor vehicle while under the influence of intoxicating liquor, judgment imposing a sentence of two years was pronounced. In the case in which defendant was charged with operation of a motor vehicle without an operator's license, judgment imposing a sentence of sixty days was pronounced.

Defendant excepted and appealed. Thereupon, orders were entered providing for the prosecution of defendant's said appeal by his court-appointed counsel and for the payment by Stanly County of the costs of mimeographing the record and defendant's brief incident to his appeal.

*Attorney General Bruton, Assistant Attorney General Melvin and Staff Attorney Costen for the State.*

*R. L. Brown, Jr., for defendant appellant.*

PER CURIAM. Defendant assigns as error (1) the denial of his motions for judgment as of nonsuit, and (2) the judgment (in respect of *quantum* of punishment) in the involuntary manslaughter case.

Defendant's motions for judgment as of nonsuit were properly overruled. In brief, the State offered evidence tending to show: On January 6, 1967, about 11:45 p.m., defendant, who had no operator's license, was operating a 1962 Chevrolet on Aquadale Road, a paved public highway in Stanly County. Notwithstanding protests of passengers in the car, he operated said car at a speed of 80 miles per hour in a 55-mile per hour speed zone. While so operating the car, defendant was under the influence of intoxicating liquor. The car operated by defendant failed to make a curve, ran off the road, crashed into a tree, etc., thereby causing Elon Deliliah Hall, one of the passengers, to sustain fatal injuries.

Defendant contends involuntary manslaughter is a "noninfamous" felony for which punishment was limited to two years under G.S. 14-2. This contention was considered and decided adversely to defendant in *State v. Swinney,* 271 N.C. 130, 155 S.E. 2d 545. In *Swinney,* a judgment imposing a sentence of 5-7 years for involuntary manslaughter was pronounced. The Court held: "The defendant's contention that involuntary manslaughter is a misdemeanor for which punishment cannot exceed two years is not sustained." The dissent in *Swinney* did not relate to this holding.

It is noteworthy that G.S. 14-2, as amended by Chapter 1251, Session Laws of 1967, now provides: "Every person who shall be convicted of *any felony* for which no specific punishment is prescribed by statute shall be punishable by fine, by imprisonment for a term not exceeding ten years, or by both, in the discretion of the court." (Our italics.)

Separate judgments, each imposing a prison sentence, were pronounced. Each judgment is complete within itself. Absent an order to the contrary, these sentences run concurrently as a matter of law. *State v. Duncan,* 208 N.C. 316, 180 S.E. 595; *In re Parker,* 225 N.C. 369, 35 S.E. 2d 169; *State v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734; *State v. Troutman,* 249 N.C. 398, 106 S.E. 2d 572. It is noted that G.S. 15-6.2, based on Chapter 57, Session Laws of 1955, provides: "When by a judgment of a court or by operation of law a prison sentence runs concurrently with any other sentence a prisoner shall not be required to serve any additional time in prison solely

because the concurrent sentences are for different grades of offenses or that it is required that they be served in different places of confinement."

No error.