STATE v. WILLIAM C. HOWARD.

(Filed 29 November, 1967.)

**Criminal Law § 140—**

Where the court enters separate judgments imposing sentences of imprisonment, and each judgment is complete within itself, the sentences run concurrently as a matter of law, in the absence of a provision to the contrary in the judgment.

APPEAL by defendant from *Hall, J.,* June 12, 1967 Criminal Session of CUMBERLAND.

In separate bills, defendant was indicted at the May 15, 1967 Session (1) for the murder of Earl Baker on April 14, 1967, and (2) for felonious assault on Helen Rich on April 14, 1967.

On April 17, 1967, Judge Hall, based on defendant's affidavit of indigency, appointed Lacy S. Hair, Esq., a member of the Cumberland County Bar, to represent defendant.

At said June 12, 1967 Session, defendant, represented by his said counsel, tendered, and the State accepted, a plea of guilty of manslaughter to said murder indictment, and entered a plea of guilty as charged to said felonious assault indictment. Before these pleas were accepted, Judge Hall, after examination of defendant and after informing defendant of the nature of each of the charges and the possible consequences of each of said pleas, found that each plea "was freely and understandingly and voluntarily made without undue influence, compulsion or duress and without promise of leniency."

Upon defendant's said plea of guilty of manslaughter, judgment imposing a prison sentence of not less than sixteen years nor more than eighteen years was pronounced.

Upon defendant's said plea of guilty of felonious assault as charged, judgment imposing a prison sentence of not less than three years nor more than five years was pronounced.

Although no exception was noted or appeal taken when said judgments were pronounced, subsequently, defendant having advised Judge Hall by letter he desired to appeal, appeal entries were made in behalf of defendant; and, by order of Judge Hall, Mr. Hair was appointed to continue to serve as counsel for defendant in connection with his appeal and Cumberland County was ordered to pay the necessary costs of mimeographing the record and defendant's brief incident to such appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Lacy S. Hair for defendant appellant.*

PER CURIAM. Defendant assigns as error (1) that the sentences "were too harsh according to the evidence," and (2) that the court reviewed a record of defendant's involvement in prior criminal offenses before he pronounced the judgment.

The judgment for manslaughter is authorized by G.S. 14-18; and the judgment for felonious assault is authorized by G.S. 14-32. Each judgment is complete within itself; and, there being no order to the contrary, the two sentences run concurrently. *State v. Efird,* 271 N.C. 730, 157 S.E. 2d 538, and cases cited.

The record before us contains a summary of the State's evidence and also a record of defendant's involvement in prior criminal offenses. None of the facts in such summary or in such record were or are in any way disputed or challenged. It was proper for Judge Hall, before pronouncing judgment, to consider in open court all available information that might aid him in pronouncing appropriate judgments. *State v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185.

The State's acceptance of the plea of guilty of manslaughter, and the fact the sentences in the two cases will run concurrently, leave the impression that defendant was well represented by his court-appointed counsel. In any event, the record before us discloses no prejudicial error in the judgments from which defendant has appealed. Hence, the judgments are affirmed.

Affirmed.