STATE OF NORTH CAROLINA v. THOMAS GARNETT

No. 6926SC46

(Filed 30 April 1969)

**1. Criminal Law § 155.5—— time of docketing record on appeal**

Where defendant fails to docket the record on appeal within the time provided by Rule 5 of the Rules of Practice in the Court of Appeals, the appeal is subject to dismissal (1) under Rule 17 if the appellee shall file a proper certificate prior to the docketing of such record on appeal or (2) under Rule 48 by the Court of Appeals on its own motion.

**2. Criminal Law § 159—— statement of evidence on appeal — repeal of Rule 19 (d) (2)**

Rule 19(d)(2), which permits the appellant to file with the Clerk of the Court of Appeals the stenographic transcript of the evidence in the trial tribunal, has been repealed by the Supreme Court pursuant to au-

thority contained in G.S. 7A-33; the repeal is effective 1 July 1969 and applies to all appeals docketed for hearing in the Court of Appeals at the Fall Session 1969 and thereafter.

**3. Criminal Law § 105— motions for nonsuit — necessity for trial court's ruling**

Although trial judge should rule on each motion for judgment as of nonsuit, there is no prejudicial error in this case where trial judge failed to rule on defendant's motion for nonsuit at the close of all the evidence, since (1) the court specifically denied the motion made at the close of the State's evidence and (2) neither the appealing defendant nor the other defendants who were tried with him offered any evidence.

**4. Burglary and Unlawful Breakings § 5; Larceny § 7— prosecutions — sufficiency of the evidence**

In prosecution upon indictment charging defendant with felonious breaking and entering and with felonious larceny, there was sufficient evidence to withstand defendant's motion for judgment as of nonsuit and to require submission of the case to the jury.

**5. Criminal Law § 104— motion to nonsuit — consideration of evidence**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

**6. Criminal Law § 9— aiders and abettors**

One who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual perpetrator.

**7. Criminal Law § 171; Larceny § 8— prosecution on two-count indictment — error relating to one count — concurrent sentences**

Where nine-to-ten year sentence imposed in felonious larceny prosecution is to run concurrently as a matter of law with a ten-year sentence imposed in prosecution for felonious breaking and entering, defendant is not prejudiced by trial court's erroneous instruction which failed to specifically instruct the jury that before they could return a verdict of guilty of felonious larceny they must find either that the stolen property was of a value of over two hundred dollars or that the property was stolen after a felonious breaking or entry with intent to commit larceny.

**8. Criminal Law § 167— test of prejudicial error**

The test whether technical error is prejudicial to a defendant is to be determined upon the basis of whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.

APPEAL by defendant from *Falls, J.,* 5 August 1968 Schedule "A" Criminal Session of Superior Court of MECKLENBURG County.

Defendant was tried on a bill of indictment charging him with (1) the felony of breaking and entering a building occupied by Ad-

vance Store Company Incorporated (Advance Store) at 2947 Freedom Drive in the City of Charlotte, and (2) the felony of the larceny of property of the Advance Store of the value of $519.49, "as a result of the unlawful breaking or entering on the day and year aforesaid of Advance Store Company Incorporated, a corporation, 2947 Freedom Drive, Charlotte, North Carolina." The defendant pleaded not guilty. The verdict of the jury was "(g)uilty as charged in the Bill of Indictment." The judgment appears in the record on appeal as follows:

> "It is the JUDGMENT of the Court that the defendant be confined in the State Prison at Raleigh, North Carolina, for a period of Ten (10) years on the first count, and a period of not less than Nine (9) nor more than Ten (10) years on the second count."

To the entry of the foregoing judgment, the defendant objected, assigned error, and appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Elbert E. Foster for the defendant appellant.*

MALLARD, C.J.

**[1]** The verdict was returned by the jury on 13 August 1968. Appeal entries were signed by the judge on 15 August 1968. The record on appeal was not docketed in the Court of Appeals until 18 November 1968. No order extending the time for docketing the record on appeal appears in the record. The defendant failed to docket the record on appeal within the time provided by Rule 5 of the Rules of Practice in the Court of Appeals, the pertinent parts thereof providing as follows:

> "If the record on appeal is not docketed within ninety days after the date of the judgment, order, decree, or determination appealed from, the case may be dismissed under Rule 17, if the appellee shall file a proper certificate prior to the docketing of such record on appeal; provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days, for docketing the record on appeal."

The above portion of Rule 5 providing for a dismissal is permitted under Rule 17 if the appellee shall file a proper certificate prior to the docketing of such record on appeal. However, Rule 48 reads:

"If these rules are not complied with, the appeal may be dismissed."

Upon the failure of a defendant to docket the record on appeal as provided by Rule 5, this Court may under the provisions of Rule 48 on its own motion dismiss the appeal.

[2]    The defendant chose to submit the evidence in this case under the provisions of Rule 19(d)(2) as it was prior to its repeal on 11 February 1969 by the Supreme Court of North Carolina pursuant to authority contained in G.S. 7A-33. Rule 19(d)(2), (which has been repealed effective 1 July 1969 and to apply to all appeals docketed for hearing in the Court of Appeals at the Fall Session 1969 and thereafter), permitted the stenographic transcript of the evidence in the trial tribunal to be filed with the clerk of the Court of Appeals, and then the appellant in an appendix to his brief would set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the question raised on appeal, what he says the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof. Defendant does not have an appendix to his brief although he attempts to raise questions on appeal relating to the evidence.

Defendant's appeal should be dismissed because of the failure to docket the record on appeal in time, and the failure to comply with the rules with respect to attaching an appendix to the brief concerning the evidence when it was pertinent to the questions raised on appeal. However, we do not dismiss the appeal but consider it on its merits.

The evidence offered by the State tends to show that on 6 July 1968 at about 2:15 a.m., two police officers of the City of Charlotte were on duty patrolling in an automobile in the Freedom Village Shopping Center area in the City of Charlotte. They cut off the lights of their automobile and drove behind the stores, and as they approached an alleyway between the Advance Store building and the branch post office building, they observed three men standing behind an automobile loading three television sets into its open trunk. Another television set was nearby. Edna Barnes, the owner of the automobile, was in the driver's seat; she was arrested and charged with breaking and entering and larceny. The defendant, Thomas Garnett, was one of the three men loading television sets into the rear of the automobile. As the officers approached the automobile, the defendant and the other two men ran. All three were pursued, caught, and arrested for breaking and entering and larceny. The television sets they had were the property of Advance Store,

STATE *v.* GARNETT

and as late as 9:00 p.m. on 5 July 1968 these television sets were located inside and near the front of its store building in Freedom Village Shopping Center. The television sets were offered into evidence. The glass front of the store building had been broken and "a six foot hole knocked in the plate glass window" some time after 9:00 p.m. when the store was closed and before the officers observed it after their arrival at about 2:15 a.m. the next morning. After the officers had arrested the three men and one woman, they searched the Advance Store building and found another woman by the name of Doris Jackson concealed in the building behind some boxes. None of the persons apprehended worked for Advance Store and none had authority to enter the building on this occasion.

[3]    Defendant contends that the court committed error when it failed to rule on his motion for judgment as of nonsuit at the close of all the evidence. This contention is without merit. There was no evidence offered by this defendant or either of the other defendants who were tried with him. The transcript of the testimony reveals that the court specifically denied this defendant's motion for judgment as of nonsuit made at the close of the State's evidence, which in this case was the only evidence offered. This defendant, after announcing that he had no evidence, renewed his motion for judgment as of nonsuit, and the trial court did not specifically rule upon this latter motion but submitted the case to the jury. Judges should rule on each motion for nonsuit. However, under the circumstances presented here, there was no prejudicial error committed by failing to specifically rule on this defendant's second motion for nonsuit.

[4, 5]    There was ample evidence against this defendant to withstand the motion for judgment as of nonsuit and to require the submission of this case to the jury. "On motion to nonsuit, the evidence must be considered in the light most favorable to the state, and the state is entitled to every reasonable intendment thereon and every reasonable inference therefrom." 2 Strong, N.C. Index 2d, Criminal Law, § 104.

Defendant argues and contends that the trial court committed error in overruling defendant's objections and motions to strike certain questions and answers regarding other persons found at the scene of the crime and not then on trial. We have carefully considered each of these and are of the opinion that no prejudicial error appears.

Defendant contends that "(t)he Court erred in charging the Jury that the defendant could be found guilty as an aider and abettor and referring to other persons not on trial, and there being no

showing at any time, before or after judgment, that a principal had been convicted." This contention is without merit. We think the judge's charge with respect to aiding and abetting was not prejudicial to the defendant.

[6] It is well settled that one who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual perpetrator. *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44. One who is present, aiding and abetting in the commission of a crime, is guilty as a principal. *State v. Taft*, 256 N.C. 441, 124 S.E. 2d 169; 2 Strong, N.C. Index 2d, Criminal Law, § 9.

[7, 8] Defendant excepted to the following part of the judge's instructions to the jury relating to the charge of the felony of larceny:

> "Therefore, with respect to the second count, that is, the count of larceny charged in the bill of indictment, if you find from the evidence and beyond a reasonable doubt, the burden being upon the State of North Carolina to so satisfy you, that the defendants took and carried away the television sets, the property of the Advance Stores, Inc., without its consent and against its will, that such property was taken and carried away by the defendants with the felonious intent to deprive the owner, the Advance Stores, of its property permanently and to convert the same to the defendants' own use or to the use of some other person other than the true owners, the Advance Stores, if you find these to be the facts beyond a reasonable doubt, then it would be your duty to render a verdict of guilty."

The three television sets were in evidence, and there was no other evidence as to their value. The circumstances of the case are such that the judge in this charge assumed that they were worth more than $200 or had been stolen from the store building of Advance Store. The error in these instructions is that the court did not specifically instruct the jury that before they could return a verdict of guilty of the felony of larceny as charged, they must find that the property stolen was of the value of over two hundred dollars, or that the property was stolen from within the building of the Advance Store after a felonious breaking or entry therein with intent to commit the crime of larceny. *State v. Brown*, 266 N.C. 55, 145 S.E. 2d 297. The question arises as to whether the error was prejudicial to the defendant. In 3 Strong, N.C. Index 2d, Criminal Law, § 167, the pertinent rule is stated as follows:

> "The burden is on defendant not only to show error but also to show that the error complained of affected the result adversely

to him, as the presumption is in favor of the regularity of the trial below. . . .

Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right. Whether technical error is prejudicial is to be determined upon the basis of whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."

In the case of *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406, the trial judge stated an opinion in his charge as to the age of the alleged victim of the rape and kidnapping charged therein, and Justice Lake in the opinion said:

"It is error for the judge, whether in his charge to the jury or at any other time during the course of the trial, by direct statement or otherwise, to intimate to the jury his own opinion concerning the sufficiency of the evidence to show the existence of a material fact, but such error is not cause for a new trial if it falls within the category of harmless, nonprejudicial error. The seriousness of the offense charged and the severity, of the potential penalty therefor do not constitute or affect the test to be applied in determining whether an error is prejudicial or nonprejudicial. The test is not the possibility of a different result upon another trial. The test is whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."

No error in the trial of this defendant as to the first count of the felony of breaking and entering has been made to appear. On the verdict of guilty of breaking and entering as charged in the bill of indictment, the judgment of the court was that the defendant be imprisoned for a term of ten years. On the second count of larceny, the judgment was that he be imprisoned for not less than nine nor more than ten years. There was no order to the contrary, and therefore the sentence on the count of larceny will run concurrently as a matter of law with the sentence on the first count of breaking and entering. *State v. Efird,* 271 N.C. 730, 157 S.E. 2d 538.

All of the evidence in this case tends to show that the television sets were the property of Advance Store, that they were in its place of business at 9:00 p.m. on this same night before the defendant was seen helping load them into an automobile at the back of the Ad-

vance store at about 2:15 a.m., and a front glass window of the store had been broken. We do not think there is any reasonable possibility that on a new trial a jury would find that the television sets were not taken out of the building occupied by Advance Store after it had been broken and entered with the intent to commit the crime of larceny. It is also evidence that there were three of these television sets. The number of the television sets alone would ordinarily indicate a value of over $200.

It is also observed that by upholding the sentence on the second count of larceny, the defendant will complete the sentence on it before the expiration of the sentence imposed on the first count of breaking and entering. The defendant is therefore not prejudiced by the judgment imposed on the count of larceny. *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377; *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426; *State v. Troutman,* 249 N.C. 398, 106 S.E. 2d 572; *State v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70; *State v. Perry,* 3 N.C. App. 356, 164 S.E. 2d 629.

We are of the opinion that there is no reasonable possibility that had the error in question not been committed, a different result would have been reached at the trial out of which this appeal arises. We therefore conclude that this error in the charge on the second count was not prejudicial to the defendant, under these circumstances, and is not sufficient to require a new trial on the second count of larceny.

In the trial we find no prejudicial error.

No error.

BRITT and PARKER, JJ., concur.