STATE OF NORTH CAROLINA v. CHARLES RAY BERRYMAN, SAMUEL JONES, TERRY M. LUSE, HAROLD McRAE, JOHN RUTH AND JUDGE BUSTER BOBBITT

No. 7114SC102

(Filed 31 March 1971)

1. Criminal Law § 104— motion for nonsuit — consideration of evidence

A defendant who offers no evidence in his behalf is entitled to have his motion for nonsuit passed upon on the basis of the facts in evidence when the State rested its case. G.S. 15-173.

2. Robbery § 5— robbery of jailor — sufficiency of evidence

In a prosecution charging that the defendant, together with his fellow cellmates, robbed a jailor of his money during a jailbreak, the State's evidence was sufficient to support a jury finding that the defendant was present and actively aiding and abetting a cellmate who removed the jailor's wallet from his pocket and carried it away, notwithstanding defendant's contention that the State failed to establish his intent to steal the money.

3. Criminal Law § 9—aiding and abetting

One who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual perpetrator.

4. Criminal Law § 166— the brief — abandonment of assignment of error

An assignment of error not discussed in the brief is deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

APPEAL by defendant from *Fountain, J.,* 7 September 1970 Special Session of DURHAM Superior Court.

Defendant, Charles Ray Berryman, and five others, Samuel Jones, Terry Marshall Luse, Harold McRae, John Ruth, and Judge Buster Bobbitt, were jointly tried upon charges contained in two bills of indictment charging them with (1) armed robbery of J. M. Crabtree and (2) felonious assault upon J. M. Crabtree and upon E. H. McPherson. Defendant Berryman pleaded not guilty to both charges.

Witnesses for the State testified in substance as follows:

J. M. Crabtree, a jailor at the Durham County jail, testified on direct examination that about 9:00 a.m. on Saturday morning, 1 August 1970, he went to the cellblock where the six defendants were in custody, for the purpose of delivering a change of linen. He unlocked the door, and when he had opened it about twelve inches, defendant Berryman grabbed him by the arm and jerked him inside the cell. All six defendants jumped him, one holding

a knife under his throat and the rest twisting his arm behind him and gagging him. After he was gagged, two of the defendants took his keys, a ten-dollar bill, and a pocket knife from his front pocket and a billfold containing $535.00 from his back pocket. The defendants then led him, with his arms still twisted behind him and with the knife under his throat, down the steps to the door leading to the jailor's office. One of the defendants took his key and opened the door. Three of the defendants went into the office toward Mr. McPherson, while three remained with Crabtree, two holding his arms and one holding the knife. McPherson was sitting in a chair at his desk in front of the main door to the jail. All that Crabtree saw when the three defendants approached McPherson, was that McPherson fell out of his chair. Crabtree was told not to holler; that if he did, they were going to cut his head off.

On cross-examination Crabtree testified that he was not able to see which particular defendant laid hands on him but "all six had a hand in it, doing something." Jones took his pocketbook from his back pocket and Berryman took his keys and knife from his front pocket. Berryman laid the keys and knife on the bench or eating table and Crabtree did not see Berryman touch them after that. One of the defendants did pick up the knife and keys.

E. H. McPherson, a Durham County jailor, testified that sometime after 9:00 a.m. on 1 August 1970 he was sitting at his desk in the jailor's section of the jail when he heard a commotion. About then Ruth grabbed him from behind with his hand across his mouth. Luse had something (later determined to be a broom handle) in a pillowcase and was holding it like a gun. Luse said, "If you move, I'm going to blow your G.D. head off." Luse hit McPherson across the head and knocked him out of the chair. Jones had Mr. Crabtree's knife open and Luse told Jones to cut McPherson's "G.D. head off." While McPherson was lying on the floor, Jones struck at him twice with the knife. All six defendants then rushed out the door carrying Crabtree with them, still tied and gagged.

A. L. Parham, a detective for the Durham Police Department, testified that on the morning of 1 August 1970 he and another officer apprehended Jones in a house at 507 Mobile Street. They found Jones lying under a bed. They arrested him and on searching his person found Crabtree's knife in his right

front pocket and Crabtree's billfold with $535.00 in it in Jones' left rear pocket. They arrested Jones about thirty or forty-five minutes after the jailbreak.

At the close of the State's evidence, defendant's motion for nonsuit as to the charge of armed robbery was denied. Motion for nonsuit of the charge of felonious assault was allowed, and that charge was reduced to a charge of assault with a deadly weapon as to each victim.

The only defendant to testify was defendant Jones. Insofar as pertinent to this appeal, Jones testified that when he was upstairs and before he left the cellblock, defendant Berryman handed him Crabtree's pocketbook and knife. He denied having the knife open at any time he was in the jail and testified he did not know the knife was in with the wallet until he got on the outside.

Defendant Charles Ray Berryman did not testify and offered no evidence. His motions of nonsuit renewed at the close of all evidence were denied. The case was submitted to the jury on the charge of armed robbery of Crabtree and on the reduced charge of assault with a deadly weapon upon McPherson. (The charge of assault on Crabtree was included within the armed robbery charge.)

The jury returned verdict finding defendant Berryman guilty of common-law robbery and guilty of simple assault. (The verdicts and judgments as to the other defendants are not involved in this appeal.) On the verdict finding Berryman guilty of common-law robbery, judgment was imposed sentencing him to prison for a term of ten years, the sentence to commence at the expiration of a sentence which had been imposed in Superior Court of Durham County in case No. 70-Cr-10485 wherein defendant had been sentenced to seven to ten years for auto larceny. On the verdict finding Berryman guilty of simple assault, prayer for judgment was continued for two years.

Defendant Charles Ray Berryman appealed.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn for the State.*

*Lina Lee S. Stout for defendant appellant.*

PARKER, Judge.

[1] Appellant assigns no error with respect to his trial and conviction on the charge of simple assault. He does assign as error the denial of his motion for nonsuit in the robbery case. In this regard, appellant Berryman, not having offered evidence, is entitled to have his motion for nonsuit passed upon on the basis of the facts in evidence when the State rested its case. G.S. 15-173; *State v. Frazier* and *State v. Givens,* 268 N.C. 249, 150 S.E. 2d 431. Hence, we do not consider the testimony of the codefendant Jones to the effect that Berryman had handed Crabtree's pocketbook and knife to Jones.

[2, 3] Appellant's contention is that when the State's evidence alone is looked to, it is insufficient to support a jury finding as a fairly logical and legitimate deduction that defendant had any intent permanently to deprive Crabtree of any of his property and that the State therefore failed to introduce sufficient evidence from which the jury could legitimately find an intent to steal, which is one of the essential elements of the crime of robbery. In support of this contention, appellant points particularly to Crabtree's testimony to the effect that Berryman, after taking Crabtree's knife and keys from his pocket, placed these articles on the bench or table and that Crabtree did not thereafter see Berryman touch these articles.

It is elementary that in passing upon a motion for nonsuit in a criminal case the evidence must be considered by the court in the light most favorable to the State and the State must be given the benefit of every reasonable inference to be drawn therefrom. *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679. When the State's evidence in the present case is so considered, the jury could legitimately find that Berryman was present and was actively aiding and abetting Jones when the latter removed Crabtree's wallet from his pocket and carried it away. "It is well settled that one who is present, aiding and abetting in a crime actually perpetrated by another, is equally guilty with the actual perpetrator." *State v. Garnett,* 4 N.C. App. 367, 167 S.E. 2d 63. There was no error in the denial of appellant's motion for nonsuit, and this assignment of error is overruled.

[4] The only other assignment of error noted in the record is directed to the trial court's denial of a motion "for further instruction regarding aiding and abetting." Appellant's brief contains no reason stated or authority cited in support of this as-

signment and it is deemed abandoned. Rule 28 of the Rules of Practice in the Court of Appeals. Nevertheless, we have carefully examined the entire record, including the instructions to the jury given by the able trial judge, and in the judgment appealed from we find

No error.

Chief Judge MALLARD and Judge GRAHAM concur.