STATE OF NORTH CAROLINA v. RANDY LIGHTSEY

No. 6910SC534

(Filed 17 December 1969)

**1. Criminal Law § 76— order admitting confession — sufficiency of findings**

Order entered by the trial court in admitting defendant's confession was not inadequate in failing to specifically find that the confession was "uninfluenced by fear or hope of reward," the court's finding that "defendant knowingly, freely and voluntarily made a statement" being sufficient to negate the possibility that defendant was influenced by fear or hope of reward.

**2. Criminal Law § 75— confessions — waiver of right to counsel**

Statement by defendant, after having been advised of his rights by officers and asked if he understood his rights, that he had been in trouble enough to know his rights, *is held* sufficient to indicate that defendant intelligently waived his right to counsel at his in-custody interrogation.

**3. Criminal Law §§ 114, 122— instructions — hung jury — expression of opinion by court**

Where the jury, after having deliberated for an hour and twenty minutes, returned to the courtroom and advised the court that it stood divided and that some of the jury members thought another police officer should testify, the trial court did not express an opinion on the sufficiency of the State's evidence by instructing the jury that the solicitor had the duty to prosecute the case and determine what evidence would be introduced, that the jury was to find its verdict from the evidence it had heard, and that the jury should continue its deliberations and try to reach a verdict.

**4. Criminal Law § 140— consecutive sentences**

In this larceny prosecution, imposition of sentence "to begin at the expiration of any and all sentences the defendant is now serving in the North Carolina Department of Correction" clearly indicates the intent of the trial judge that the sentences of defendant be served consecutively without resort to evidence *aliunde.*

APPEAL by defendant from *Godwin, S.J.,* July 1969 Assigned Criminal Session (2nd Week), WAKE County Superior Court.

The defendant was tried on a proper bill of indictment charging him with larceny of a 1967 Mercury Cougar automobile with a value in excess of $200.00. The bill of indictment contained a second count charging the defendant with receiving the automobile knowing it to have been stolen, but the charge contained in the second count was dismissed by the trial court.

The defendant entered a plea of not guilty, and from a jury verdict of guilty of larceny of property with a value in excess of $200.00 and a prison sentence of five years imposed on this verdict, the defendant appealed.

The evidence on behalf of the State was to the effect that on 24 October 1968 Sanders Motor Company had a 1967 model Mercury Cougar automobile on its sales lot in the City of Raleigh; that that night the defendant took this automobile and drove it to Charlotte. The defendant had previously seen the automobile on the lot with keys in the ignition switch. There was one key in the switch and a similar key on the key ring attached. The defendant took the key off the key ring, and two days later returned and took the automobile. In Charlotte the defendant was driving the automobile with three companions at an excessive speed and observed a police car

overtaking him. The defendant stopped the automobile, and he and his companions ran. The defendant was not apprehended at the time, and a few days later stole a Chevrolet automobile in Charlotte which he drove to Raleigh and abandoned on the streets of Raleigh.

Police officers in Raleigh assigned to investigate the automobile stolen from Sanders Motor Company, upon information received by them, took out a warrant for the defendant's arrest.

On Monday, 28 October 1968 Officers Morris and Gilbert went to an address in Raleigh where they found the defendant and placed him under arrest. Before admitting what the defendant told the officers while on the way to the police station after his arrest, the trial court conducted a *voir dire* and one of the arresting officers testified that the defendant was told:

"That he had a right to make no statement; that any statement he did make would be used against him in court; that he had a right to an attorney; and that if he could not afford an attorney, the State would appoint one for him."

The defendant was then asked if he understood his rights. The defendant replied that "he had been in trouble enough to know his rights." The defendant did not request an attorney; and when asked if he would talk about this particular incident, he did do so, and stated in substance what has previously been set out.

The trial judge then entered the following order:

"The court finds as a fact that prior to the time that the defendant made any statement to the witness Morris or Detective Gilbert on the day of his arrest, which was prior to the issuance of a search warrant thereafter executed by Officers Morris & Gilbert, or answered any questions put to him by either of them with regard to the offense charged in the warrant that he was advised that, by Officer Morris that he was under arrest; that the warrant for his arrest was read to him by Officer Morris; that he was advised by Officer Morris that he had the right to legal counsel; that if he were unable to employ counsel, that counsel would be furnished to him without expense to him; that he was entitled to have counsel to confer with counsel and have counsel with him before making any statement or answering any questions; that the defendant advised that he had theretofore been in trouble that he knew what his rights were and that the defendant voluntarily, freely and understandingly waived his right to confer with and have counsel present with him prior to making any statement that he may have made to

Officers Morris and Gilbert on the day of arrest and during such time as either of said officers may have interrogated him with regard to the matters and things alleged in the charge contained in the warrant for his arrest and that the defendant knowingly, freely and voluntarily made a statement to Officer Morris as he rode in a police car which transported him from his home to the office of the Wake County magistrate in the City of Raleigh and before a search was conducted of the premises whereat he resided by virtue of a search warrant thereafter issued.

The court further finds as a fact that the defendant was advised and that he understood that he was not required to make any statement to or answer any questions put to him by either Officer Morris or Officer Gilbert and that he was advised and understood that any statement he made could and probably would be used against him in evidence upon his trial."

Upon a jury verdict of guilty, the trial court entered a judgment containing this provision:

"It is ADJUDGED that the defendant be imprisoned for the term of five (5) years in the State Prison to be assigned to work under the supervision of the Commissioners of Correction. This sentence to begin at the expiration of any and all sentences the defendant is now serving in the North Carolina Department of Correction."

*Attorney General Robert Morgan, Deputy Attorney General Jean A. Benoy and Special Assistant Maurice W. Horne for the State.*

*Ralph McDonald for defendant appellant.*

CAMPBELL, J.

[1]   The defendant on this appeal presents four questions for decision. The first question is, were the findings and order of the trial court, prior to the admission of the defendant's confession, sufficient and supported by the evidence? We find that the evidence was sufficient to sustain the findings and order of the trial court. The order itself was adequate. The defendant asserts that in order to be adequate the order should specifically provide that the confession was "uninfluenced by fear or hope of reward." The order of the trial court found "that the defendant knowingly, freely and voluntarily made a statement." This order negated any possibility that the defendant was influenced by fear or hope of reward and was sufficient and adequate.

**[2]** The second question is, was the defendant sufficiently informed that he had a right to an attorney before he made any statement to the arresting officers and did he waive the right to an attorney? The defendant relies upon *State v. Thorpe,* 274 N.C. 457, 164 S.E. 2d 171 (1968). We think the *Thorpe* case is readily distinguishable from the instant case.

In the *Thorpe* case the Court held that counsel had not been "intelligently waived." It was pointed out in the *Thorpe* case

"At this stage of the proceeding the officers had in custody a dull, retarded, uneducated, indigent boy 20 years old who had left school before he completed the third grade. In giving the advice with respect to counsel, the officers did not explain to him that he was entitled to counsel during the interrogation. To his inexperienced mind, in all probability, he understood the officers to mean that counsel would be made available at his trial. Counsel at in-custody questioning upon arrest was something relatively new at that time. His failure to request counsel at the interrogation is understandable. The failure to make the request under these circumstances was not a waiver of the right to legal representation during the questioning."

In the instant case after having been advised by the officers as to his rights, the defendant was asked if he understood his rights, and he replied "that he had been in trouble enough to know his rights." We think this was sufficient to indicate that the defendant "intelligently waived" his right to counsel at his in-custody interrogation and justified the finding of the trial court that he had. *State v. Bines,* 263 N.C. 48, 138 S.E. 2d 797 (1964).

**[3]** The third question is, was error committed by the trial court by expressing an opinion as to the sufficiency of the proof on behalf of the State in a supplemental charge? No exceptions were taken to the original charge. After the jury had deliberated for an hour and twenty minutes, the jury returned to the courtroom and advised the court that the jury stood divided. The foreman announced that some members of the jury thought another police officer should testify. The trial judge then instructed the jury as follows:

"I told you on Monday, then I told you again on yesterday during the trial of this case that the solicitor has the duty and responsibility to prosecute those criminal cases that come into the Superior Court; that he must exercise his discretion about what evidence to introduce during the trial of the case. When the solicitor announced that he rests his case — that the State rests, I advised you of that and you heard him announce that

the State rests its case and I told you that then the State had introduced all of the evidence that it intended to introduce. So it is now too late to reopen and introduce additional evidence. Neither the jury nor the presiding judge determines what witnesses are to testify. You are to find your verdict from the evidence you have heard. Now can I offer you any additional advice or instructions?

I can say this to you, ladies and gentlemen, I am certain that none of you will depart from any conscientious beliefs and feelings that you have regarding the issue that you have under consideration. I am certain that you are reasonable people and that you have only deliberated for a matter of about an hour and 20 minutes. So I am going to suggest to you that you return to your jury room and continue your deliberation and see if you can't come to an agreement. If you find there are some further instructions regarding the law in this case that you would like for me to comment upon, if you will come back and let me know that I will be glad to render you any assistance I can in that connection. I cannot assist you in finding your verdict, that is your responsibility. Incidentally, if you find that you would like to take a recess during your deliberation we normally recess about mid-morning, about halfway between 9:30 and 1:00 o'clock, if you find that you would like to take a recess during your deliberations and let me know about it, I will be glad for you to do so."

The supplementary instructions do not constitute an expression of an opinion within the prohibition of G.S. 1-180. The additional admonition with regard to their continued deliberation was in keeping with rules previously approved by our Appellate Court. *State v. Fuller*, 2 N.C. App. 204, 162 S.E. 2d 517 (1968).

[4]   The fourth question is, was the starting date of the sentence imposed so indefinite that it ran concurrently with any other sentences being served by the defendant?

We think that the sentence in this case clearly indicates the intent of the trial judge that the sentences of the defendant are to be served consecutively, and this sufficiently appears without resort to evidence *aliunde. In Re Smith*, 235 N.C. 169, 69 S.E. 174 (1952).

In the trial and sentence of the defendant we find

No error.

PARKER and GRAHAM, JJ., concur.