State v. Alexander and State v. Propst

---

STATE OF NORTH CAROLINA v. CHARLES WESLEY ALEXANDER

\* \* \*

STATE OF NORTH CAROLINA v. FREDERICK LEE PROPST

No. 7126SC742

(Filed 15 December 1971)

1. Robbery § 5— armed robbery — instructions

The trial court did not err in instructing the jury as to the meaning of the words "with the use or threatened use of any firearms or other dangerous implement or means."

2. Robbery § 5— failure to submit lesser included offenses

The trial judge in an armed robbery prosecution did not err in failing to submit to the jury the lesser included offense of assault.

*Certiorari* was allowed 20 September 1971 as substitute for an appeal from *Beal, Judge,* 29 March 1971 Session of Superior Court held in MECKLENBURG County.

Defendants were charged in separate bills of indictment, proper in form, with the felony of armed robbery. The cases were consolidated for trial.

The evidence for the State tended to show that about three o'clock in the afternoon on 17 October 1970, the defendants, Alexander and Propst, armed with a .22 caliber pistol and by the use and threatened use thereof, took approximately $69.00 from the cash register in the store, Lafayette Radio Electronics, Inc., on Pecan Avenue in Charlotte, where Jack Hawkins and William Lewis Meadows were working and forced Hawkins to give them $70.00 of his own money. They then forced Hawkins and Meadows to lie on the floor, tied them up, and left.

Defendants offered evidence tending to show that on 17 October 1970, defendant Alexander was in Concord getting his mother's car repaired and was not in Charlotte. Defendant Propst offered evidence tending to show that on the afternoon of 17 October 1970, he was at his home in Concord watching a basketball game and was not in Charlotte. Both defendants offered evidence tending to show that they did not participate in the crime charged.

The defendants entered pleas of not guilty. The jury returned a verdict against each defendant of guilty of armed robbery. From judgment of imprisonment, each defendant gave notice of appeal to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Ricks for the State.*

*Charles V. Bell for defendant appellants.*

MALLARD, Chief Judge.

[1] Defendants contend that the trial judge committed error in charging the jury with respect to the law as to the meaning of the words "with the use or threatened use of any firearms or other dangerous implement or means." When the charge is considered as a whole, as we are required to do, we think that the instructions of the court with respect to the law were adequate and that no prejudicial error appears.

[2] Defendants also contend that the trial judge should have submitted to the jury the lesser included offense of assault and

cite the provisions of G.S. 15-169 as authority for their contention. G.S. 15-169, in pertinent part, reads as follows:

> "On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicated, *if the evidence warrants such finding* . . . . " (Emphasis added.)

In the instant case, all of the State's evidence tended to show the commission of an armed robbery. The alibi evidence of the defendants tended to show that they were at some other place at the time of the robbery and could have committed no crime at the time and place alleged. The trial judge is not required to submit to the jury a lesser included offense unless there is evidence thereof. *States v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235 (1971) ; *State v. Terry,* 278 N.C. 284, 179 S.E. 2d 368 (1971) ; *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194 (1966) ; *State v. Hatcher,* 9 N.C. App. 352, 176 S.E. 2d 401 (1970) ; *State v. McLean,* 2 N.C. App. 460, 163 S.E. 2d 125 (1968). Evidence of a lesser included offense is lacking in this case. The trial judge did not commit error in failing to instruct the jury that they could return a verdict against the defendants of assault.

No error.

Judges HEDRICK and GRAHAM concur.