STATE OF NORTH CAROLINA v. BILLY EUGENE CAPEL AND FRANKLIN DEWAYNE WRIGHT

No. 7326SC156

(Filed 17 April 1974)

**Robbery § 5— armed robbery — failure to submit lesser included offense — no error**

　　Where the State's evidence, if believed, would establish that defendants were guilty of a completed armed robbery, while defendants' evidence, if believed, would establish that they were not guilty of any crime, the trial court did not err in failing to charge the jury as to the lesser included offense of assault.

APPEAL by defendants from *Grist, Judge,* 7 August 1972 Session of Superior Court held in MECKLENBURG County.

Defendants were charged in separate bills of indictment, proper in form, with armed robbery of one James Trent. They pled not guilty. The State offered evidence tending to show that on the evening of 8 August 1971, Trent, the owner and operator of Rips Lounge in Charlotte, N. C., heard raised voices inside the Lounge, and, looking towards the commotion, saw defendant Franklin Wright holding a cocked revolver to a customer's head. Trent pulled out his own .32 caliber automatic pistol, walked over, and, pressing the pistol to Wright's ribs, took Wright's revolver and ordered him out of the Lounge. Wright left. Trent then asked Wright's friends, including defendant Billy Capel, to leave and ushered them to the door.

When Trent opened the door, however, Wright reappeared and pointed a 12-gauge shotgun at Trent's stomach, and Capel, at Wright's request, took Wright's revolver and Trent's pistol from Trent's person. Trent then grabbed the shotgun, which discharged into the ceiling, and the defendants fled. In the early morning of 9 August 1971, Wright was arrested in the living room of a residence on Academy Street, at which time Trent's pistol was discovered inside a record player located two feet from the chair Wright was sitting in. The jury found the defendants guilty as charged, and from judgment imposing prison sentences, defendants appealed.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*T. O. Stennett and John Plumides for defendant appellants.*

PARKER, Judge.

In their first assignment of error, defendants contend that the trial court erred in failing to charge the jury as to the lesser included offense of assault. The trial judge is required to submit to the jury a lesser included offense "only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. A careful review of the present record fails to reveal any evidence suggesting the crime of simple assault. As summarized above, the State's evidence tended to show that Capel took Trent's revolver at Wright's request while Wright pointed a loaded shotgun at Trent's stomach. Defendants, sharply disputing this narrative, testified that Wright and Capel had been engaged in an argument with other persons while sitting at a table, but had drawn no guns; that Trent, taking Wright's holstered pistol, had made them leave the Lounge at gunpoint; that while they were leaving, one Michael Williams held a shotgun on Trent and made him put both revolvers on the table; that Trent hit the shotgun Williams was holding, causing it to discharge into the ceiling; and that Wright and Capel then left the Lounge, taking no guns with them. The jury was thus given two versions of events from which to choose, one describing armed robbery, one no crime at all. The State's evidence, if believed, would establish that defendants were guilty of a completed armed robbery. Defendants' evidence, if believed, would establish that they were not guilty of any crime. Through no reasonable selection of

evidence could the jury have found the defendants guilty of assault rather than either guilty as charged or not guilty. "Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice" to require submission to the jury of a lesser included offense. *State v. Hicks, supra.* Defendants' suggestion that the State's evidence would warrant a jury finding that defendants, when they assaulted Trent by disarming him at gunpoint, lacked the intent to steal requisite to conviction for armed robbery, is simply not warranted by the evidence in this case. *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194. Defendants' first assignment of error is without merit.

In their second assignment of error, defendants challenge the propriety of numerous questions asked by the solicitor upon cross-examination of defense witnesses. The challenged questions sought information either relevant to the crime at trial or proper for impeachment purposes, and none prejudiced defendants' right to a fair trial.

No error.

Chief Judge BROCK and Judge HEDRICK concur.