STATE OF NORTH CAROLINA v. RALPH O. JACKSON

No. 7512SC556

(Filed 5 November 1975)

1. Robbery § 5— failure to submit simple assault — no error
     The trial court in a prosecution for armed robbery did not err in failing to submit to the jury the lesser included offense of simple assault where no evidence was introduced tending to establish that the victim was not robbed.

**2. Criminal Law § 140— sentence imposed to run consecutively with other sentences**

The trial court's judgment ordering confinement for a period of three years "to commence at the expiration of any and all sentences herebefore imposed upon the defendant" clearly reflected an intent to make the sentence run consecutively with other sentences imposed on the defendant.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 8 April 1975, in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 October 1975.

Defendant was tried on an indictment charging him with armed robbery. The jury returned a verdict of guilty of common law robbery.

The State's evidence tended to establish that James Guy met with the defendant, an old acquaintance, at a St. Paul's grill from which the two men later left together to go to the motel for drinks. About 12:30 a.m. Guy and the defendant went out to eat and the defendant met and talked with several of his friends. After eating the defendant appeared to offer a friend, Robert Clark, a ride home. Instead, the defendant drove to a secluded dirt road where he and Clark got out of the car pretending that they "had to use the bathroom." Clark cursed obscenities at Guy and threatened to shoot him. The defendant took Guy's wallet and divided the money while Clark held a knife on Guy's neck. Guy managed to effect a successful escape and later notified the police authorities.

From a judgment imposing a prison sentence, the defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Sandra M. King, for the State.*

*Mary Ann Tally, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

ARNOLD, Judge.

[1] Two arguments are presented by defendant in this appeal. First he contends that the trial court erred in failing to submit to the jury the issue of whether the defendant was guilty of the lesser included offense of simple assault. It is a well established rule that a trial court does not commit error by failing to submit to the jury lesser included offenses of which there is

no supporting evidence. *State v. Capel,* 21 N.C. App. 311, 204 S.E. 2d 226 (1974) ; *State v. Alexander* and *State v. Propst,* 13 N.C. App. 216, 185 S.E. 2d 302 (1971) ; *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194 (1966). In the instant case no evidence was introduced tending to establish that James Guy was not robbed.

[2]  Defendant next contends that the judgment of the court was so vague and uncertain that the sentence should run concurrently with any sentence or sentences the defendant is presently serving. The judgment imposed on defendant ordered confinement for a period of 3 years "[t]o commence at the expiration of any and all sentences herebefore imposed upon the defendant." Defendant argues that the judgment requires evidence outside of the record, citing *In re Swink,* 243 N.C. 86, 89 S.E. 2d 792 (1955). See also *In re Parker,* 225 N.C. 369, 35 S.E. 2d 169 (1945).

This Court held in *State v. Lightsey,* 6 N.C. App. 745, 171 S.E. 2d 27 (1969), that the imposition of a sentence "to begin at the expiration of any and all sentences the defendant is now serving in the North Carolina Department of Corrections" clearly indicates the intent of the trial judge that the sentence be served consecutively without resort to evidence aliunde. There is no doubt whatsoever that the trial court's judgment in the instant case clearly reflects an intent to make the sentence run consecutively with other sentences imposed on the defendant. *In re Smith,* 235 N.C. 169, 69 S.E. 2d 174 (1952) ; *State v. Thompson,* 16 N.C. App. 62, 190 S.E. 2d 877 (1972) ; *State v. Lightsey, supra.*

No error.

Judges BRITT and VAUGHN concur.